## ASKEA vs. THE STATE OF GEORGIA.

1. The rule that a conviction cannot be had on the uncorroborated testimony of an accomplice applies only to cases of felony. In misdemeanors, the complicity of the witness goes to his credit; and in this case, the defendant was convicted and sentenced for a misdemeanor.
2. The witness claimed to be an accomplice in this case was sufficiently corroborated by other testimony.
3. The wife of an accomplice is a competent witness to testify to any fact in a criminal proceeding not against her husband, if he be not on trial and not affected by such testimony.

October 13, 1885.

Criminal Law. Accomplice. Witness. Husband and Wife. Before Judge ESTES. Habersham Superior Court. March Adjourned Term, 1885.

Reported in the decision.

H. S. WEST; CRANE & JONES, for plaintiff in error.

W. S. ERWIN, solicitor general, by FRANK L. HARALSON; C. H. SUTTON, for the state.

BLANDFORD, Justice.

The plaintiff in error was indicted and found guilty of cattle stealing, and he complains that he was improperly convicted, because the main evidence against him was that of one Mansfield, who had been convicted of the same offense and was an accomplice.

The record shows that the *corpus delicti* was shown by the testimony of the prosecutor. The wife of Mansfield corroborated him in this, that plaintiff in error came to Mansfield's house on the morning of the day the offense was committed, and they went off together; that the accused came back at or near dark and carried off part of the beef; he asked Mansfield "if he had got that fixed up;" the reply was, "that it was." Askea carried off one quarter of the beef; this was between sundown and dark of the day the yearling was killed. Joe Berry and James Mullen also corroborate Mansfield as to his and Askea's being together at or about the time the yearling was killed.

The wife of an accomplice is a competent witness to testify to any fact in a criminal proceeding not against her husband, although her husband may have been an accomplice, if he be not on trial and is not affected by such testimony of the wife under the act of 1866, as contained in section 3854 of the Code. In the case of *Parsons vs. State,* 43 *Ga.,* 197, this court held that the rule that a conviction could not be had on the uncorroborated testimony of an accomplice only applied to cases of felonies. In misdemeanors the complicity of the witness goes to his credit. The plaintiff in error was convicted and sentenced as for a misdemeanor.

Judgment affirmed.