THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH BUDZINSKI, Defendant.

County Court, Oneida County, May 29, 1936.

*John J. McGinty, District Attorney* [*Theodore R. Davies, Assistant District Attorney*], for the plaintiff.

*Nicholas G. Powers,* for the defendant.

HANAGAN, J. The defendant has been indicted by the grand jury of Oneida county for a violation of section 480 of the Penal Law. On April 13, 1936, the defendant was arraigned upon the indictment and entered a plea of not guilty. On April fourteenth the defendant procured an order directing the People to show cause on the following day why the indictment should not be set aside. It is admitted that the only witness examined before the grand jury was Ann Budzinski, the wife of the defendant, and that no other evidence was offered before the grand jury.

The defendant contends that his wife was not a competent witness; that the indictment was found upon illegal evidence, and that, therefore, the same is void and should be set aside and quashed. There is no question raised concerning confidential communications.

The district attorney contends that the wife's evidence was legal, the indictment valid, and that the motion should be denied.

By the common law a wife in a criminal case was not permitted to testify as a witness against her husband in a proceeding before the grand jury. Her evidence was held to be incompetent. (*People* v. *Briggs*, 60 How. Pr. 17.)

Section 2445 of the Penal Law provides: " The husband or wife of a person indicted or accused of a crime is in all cases a competent witness, on the examination or trial of such person; but neither husband nor wife can be compelled to disclose a confidential communication, made by one to the other during their marriage." This section is derived from section 715 of the Penal Code enacted by chapter 676 of the Laws of 1881. *People* v. *Briggs* (*supra*) was decided in October, 1880.

It will be observed that section 2445 of the Penal Law makes no mention of the proceedings before the grand jury. Section 256 of the Code of Criminal Procedure provides that " the grand jury can receive none but legal evidence." By common law, evidence received before a grand jury must be competent legal evidence such as is legitimate and proper before a petit jury. (*United States* v. *Reed*, 27 Fed. Cas. 727 [1852]; *Nanfito* v. *United States*, 20 F. [2d] 376; *United States* v. *Kilpatrick*, 16 Fed. 765.)

The above common-law rule has not been changed by statute, and it still remains the law in this State.

In *People* v. *Goldenberg* ([1920] 110 Misc. 556, at p. 561) the court said: " These cases [referring to *People* v. *Glen*, 173 N. Y. 395; *People* v. *Walsh*, 92 Misc. 579; *People* v. *Levis*, 96 id. 513] merely reaffirm the well-known legal proposition that only legal evidence can be presented to the grand jury as prescribed by section 256 of the Code of Criminal Procedure. They also declare that no evidence should be received by the grand jury which would not be admissible on a trial, and that the rules which govern a trial also govern the proceedings before the grand jury."

The wife of the defendant, being a competent witness on the trial of the defendant, is, therefore, a competent witness in the proceedings before the grand jury.

Motion to quash the indictment is denied.