28240. LINGERFELT v. THE STATE.

ARGUED SEPTEMBER 12, 1973 — DECIDED NOVEMBER 8, 1973.

*Maylon K. London, Martin W. Welch,* for appellant.

*C. B. Holcomb, District Attorney, B. B. Robertson, George D. Lawrence, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.

NICHOLS, Justice. 1. The complaint that the trial court erred, after granting a motion for severance, in ordering the defendant tried upon two indictments for the two alleged murders which arose out of the same transaction is without merit. The defendant here was tried separately from the other defendants.

The motions for severance related to a separate trial for the defendant on the indictments so that he would not be tried jointly with the other three defendants. Under the Act of 1968 (Ga. L. 1968, pp. 1249, 1267; Code Ann. § 26-506), separate trials may be had only when it is in the interest of justice to provide separate trials under indictments charging separate crimes arising out of the same transaction. Compare *Stull v. State,* 230 Ga. 99 (5) (196 SE2d 7); *Loftin v. State,* 230 Ga. 92 (1) (195 SE2d 402).

2. The enumerations of error which complain of the trial of the defendant immediately after the trial of a co-indictee present nothing for decision by this court where such question was not raised prior to the defendant's conviction.

3. During the trial of the defendant, a co-indictee was called as a witness by the state. The witness refused to answer most of the questions asked him because of possible self-incrimination. Later during the trial, the state was permitted to read into evidence testimony given by such witness in a committal hearing of a third co-indictee where neither the defendant here nor his counsel was present. The district attorney relied upon the decision of this court in *Park v. State,* 225 Ga. 618 (170 SE2d 687), and the authorities there cited as authority for the reading of such questions and answers.

In the *Park* case the testimony was originally adduced upon a

former trial of the same defendant for the same offense wherein the defendant was present and the witness was thoroughly cross examined by the same defendant's counsel. While the witnesses in *Park* were co-indictees and shown to be co-conspirators, the admission of their prior testimony was not based upon such ground. The testimony objected to in the case sub judice was originally adduced in the committal hearing of a co-indictee of both the defendant and the witness. The defendant was not present nor was *his* counsel present to cross examine the witness at the time the testimony read in the record was originally given.

No question as to use of such testimony for impeachment purposes is presented for the testimony was read, not to discredit the testimony given at this trial, but, as original evidence of the facts contained therein.

The testimony of this witness on the former hearing did not come within the ambit of *Park v. State,* supra, and although the witness was present, his refusal to testify precluded the defendant's counsel from conducting a thorough and sifting cross examination. The evidence relating to such co-indictee's participation in the murder conspiracy was basically the same here as it was in *Smith v. State,* 230 Ga. 876 (199 SE2d 793), where it was held that such evidence was insufficient to support a verdict against such co-indictee. Accordingly, the former testimony of such witness could not be admissible as an exception to the hearsay rule as provided for by Code § 38-306 which provides: "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Accordingly, a new trial must be granted on this ground.

4. Evidence of conversation between one of the deceased victims and another police officer to explain conduct in investigating a crime is admissible as an exception to the hearsay rule. Code § 38-302. Accordingly, the evidence admitted over objection as to Officer Cantrell having stopped the defendant's co-indictee Charles Bennett in the early hours of Sunday morning in a red Ford Mustang automobile, which was later shown to be stolen, was not error.

5. Under repeated rulings of this court it was not error to admit in evidence photographs of the victims showing their condition at the scene where their bodies were found and the wounds inflicted on them. See *Henderson v. State,* 227 Ga. 68, 79 (179 SE2d 76), and cits.

6. Unlike the case of *Smith v. State,* 230 Ga. 876, supra, the defendant here was shown to have been with the co-indictees on the night of the murders and near the time of the burglary which took place the previous night. Accordingly, it was not error to admit evidence of such burglaries which the jury was authorized to find was a part of a conspiracy which the defendants were attempting to conceal by the murders of the two law enforcement officers.

7. Enumerations of error numbered 16, 17 and 18 complain of excerpts of the charge to the jury. Each excerpt of the charge complained of was authorized by the evidence and no reversible error is shown by such enumerations of error.

8. Complaint is made that the jury was quartered overnight outside the county without the permission of the defendant, and that items not admitted in evidence were permitted to go to the jury along with the evidence admitted on the trial of the case. Inasmuch as a new trial is required for the reason set forth in Division Three of this opinion, it is not necessary to pass upon these contentions, nor is it necessary to pass upon other alleged errors which are not likely to reoccur upon another trial.

9. Questions relating to whether the trial court erred in overruling the defendant's motion for a change of venue cannot be passed upon in the absence of a transcript of the evidence adduced at such hearing.

10. The evidence adduced upon the trial of the case was sufficient to authorize a verdict of guilty as against this defendant, and the trial court did not err in overruling the defendant's motion for a directed verdict of not guilty.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*