29764. LINGERFELT v. THE STATE.

GUNTER, Justice.

This appeal is from a conviction for murder and a life sentence. This is the second appearance of this case in this court. See *Lingerfelt v. State,* 231 Ga. 354 (201 SE2d 445) (1973). There we reversed the conviction because the appellant was denied his right to a fair and sifting cross examination during his trial. We must reverse again for exactly the same reason.

At the appellant's second trial the prosecutor called a co-indictee as a witness for the state. Before the witness was sworn the prosecutor requested the court to advise him of his Fifth Amendment rights inasmuch as he was a co-indictee. The court so advised him. Prior to any testimony being elicited from the witness, defense counsel made objection to his testimony on the ground that the prosecutor knew that the witness would invoke the Fifth Amendment, and that it was incumbent upon the state to determine out of the presence of the jury what questions the witness would or would not answer. Defense counsel's objection was overruled. The witness then refused to answer any questions posed by the special prosecutor that were material and relevant to the transaction for which the appellant was being tried.

The questions asked the witness by the prosecutor were predicated on a transcript of testimony that the witness had given at a prior commitment hearing at which the appellant or his counsel were not present. The prosecutor was permitted, over continuous objections by defense counsel, to ask leading questions of the witness which suggested answers that had previously been given by the witness at the commitment hearing. The witness

invoked the Fifth Amendment with respect to each. Nevertheless, the leading questions posed to the witness suggested to the jury the answers that he had previously given. The effect of this prosecutorial procedure was to place before the jury, through the questions asked, the content of the previous testimony of the witness without the benefit of cross examination by the appellant.

In response to an objection by defense counsel that the prosecutor was placing before the jury the same testimony that this court had held inadmissible in *Lingerfelt* I, the prosecutor said: "No, they said the transcript. They said I had to confront him and I'm confronting him. Here they are and there's the witness. They said we can't read it off the paper. We have to confront people so we're confronting him with them."

After the prosecutor had finished with the witness, the witness refused to answer any questions asked by the defense counsel on the ground that such answers would tend to incriminate him.

A reading of this transcript makes it obvious to us that the prosecutor placed before the jury the same evidence that we held inadmissible in the prior *Lingerfelt* appeal. The prosecutor was permitted to do indirectly what we had held could not be done directly.

In Pointer v. Texas, 380 U. S. 400, 403 (1964), the Supreme Court of the United States said: "We hold today that the Sixth Amendment's right of an accused to confront the witnesses against him is likewise a fundamental right and is made obligatory on the states by the Fourteenth Amendment. It cannot seriously be doubted at this late date that the right of cross examination is included in the right of an accused in a criminal case to confront the witnesses against him." Confrontation alone is not enough. Confrontation in a criminal trial really means the right to ask questions and secure answers from the witness confronted.

In Douglas v. Alabama, 380 U. S. 415, 419 (1964), a case quite similar to the one at bar, the Supreme Court of the United States said: "In the circumstances of this case, petitioner's inability to cross examine Lloyd as to the alleged confession plainly denied him the right of cross examination secured by the Confrontation Clause."

We hold that this enumerated error requires reversal and a new trial.

Seven other errors are enumerated by the appellant. We have examined all of them, and on the basis of the record and transcript of this trial, we conclude that none of them are of sufficient merit to warrant a reversal.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED APRIL 14, 1975 — DECIDED SEPTEMBER 2, 1975.
REHEARING DENIED SEPTEMBER 16, 1975.

*Maylon K. London,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Thomas Davis, Assistant Attorney General,* for appellee.