51978, 51979. SMITH v. THE STATE; and vice versa.

DEEN, Presiding Judge.

Dean Smith and his wife Susan were subpoenaed to testify at a grand jury hearing on a proposed bill of indictment charging one Sterling Hammock with possession and sale of cocaine. Both were represented by counsel. Dean Smith refused to answer, on grounds of self-incrimination, the following four questions: What was his address? Whether he had been arrested on October 21, 22, 1975? Whether he had given a deposition to a designated assistant U. S. Attorney? Whether he had by deposition provided information to the state and federal governments about the theft by Hammock of certain narcotics and legal drugs?

He was then handed a court order directing him to give the testimony sought by the grand jury and providing "that no testimony or other information so compelled under this order or other information directly or indirectly derived therefrom may thereafter be used against this witness except in a prosecution for perjury, making a false declaration or otherwise failing to comply

with the terms of this order." After consultation with his attorney he again refused to answer on the same grounds. The process was repeated with Susan Smith with the same results; she, however, invoking both her Fifth Amendment rights and the privilege of refusing to testify against her husband. Contempt hearings followed. Smith was held in contempt of court for refusing to testify; his wife was found not in contempt on the sole ground of marital privilege. Dean Smith and the state appeal from the respective contempt orders.

1. Code Ann. § 38-1715 (Ga. L. 1975, p. 727) specifically provides for orders compelling testimony before a grand jury as well as trial proceedings, and might therefore be invoked in a case such as this. That immunity statutes generally accomplish the same result, whether express or implied, see 38 ALR2d, Self-Incrimination Before Grand Jury, pp. 225, 257.

2. The rule to be applied in the application of immunity orders is as stated in Murphy v. Waterfront Commission, 378 U. S. 52, 77: "We hold that the constitutional privilege against self-incrimination protects a state witness against incrimation under federal as well as state law and a federal witness against incrimination under state as well as federal law." The two categories of immunity grants, "derivative use" and "transactional" are set out in Kastigar v. United States, 406 U. S. 441. The latter would afford full immunity against the *offense,* and was there held to afford considerably broader protection than does the Fifth Amendment privilege. "While a grant of immunity must afford protection commensurate with that afforded by the privilege, it need not be broader." Id., p. 453. The language of Code Ann. § 38-1715 ("person shall not be excused from testifying or producing any evidence required, on the basis of his privilege against self-incrimination; but no testimony or other evidence required under the order or *any information directly or indirectly derived from such testimony or evidence* may be used against the person in any proceedings or prosecution for a crime or offense concerning which he testified or produced evidence under court order") meets the derivative use test which has been held to be coextensive

with Fifth Amendment rights, and is therefore an adequate safeguard.

3. The defendant argues that the protective phraseology of Code Ann. § 38-1715 ("but shall not be required to produce evidence that can be used in any other courts, including federal courts") does not protect him from the giving of any testimony which might be used in a *civil* action, should he concede that under the cases above cited the defendant is adequately protected in criminal prosecutions. This argument misses the mark for the reason that it is the Fifth Amendment right, not the form of action, which protects him.

A remarkably similar immunity statute directed only against gaming is to be found in the original Georgia Code of 1863, § 4428, and provides that any player "shall be a competent witness, and be compelled to give evidence, and nothing then said by such witness shall at any time be received or given in evidence against him in any prosecution against the said witness, except on an indictment for perjury, in any matter to which he may have testified." This was held in *Kneeland v. State,* 62 Ga. 395 (3) to offer the defendant the full protection of both federal and state constitutional requirements. That statute, like the present one, was of course limited to proceedings in which the right against self-incrimination could legitimately be raised. The protection is sufficient, and Dean Smith was properly held in contempt for failure to comply with the order.

4. "Husband and wife . . . shall not be compellable to give evidence in any criminal proceeding for or against each other." Code § 38-1604. The privilege belongs to the spouse whose testimony is sought to be elicited. *Young v. State,* 232 Ga. 285, 287 (206 SE2d 439). Thus construed, the Code section plainly means that a wife may not, over her objection, be forced to answer any questions or produce any other evidence which would either help or harm her spouse in any criminal proceeding. Grand jury consideration of a proposed indictment is a part of the criminal proceedings. *Curtis v. State,* 99 Ga. App. 732, 739 (2) (109 SE2d 868). The objection was raised, and we hold that the court did not abuse his discretion in refusing to hold Susan Smith in contempt for refusing to respond.

Neither *Faulkner v. State,* 43 Ga. App. 763 (160 SE 117) nor *Rivers v. State,* 118 Ga. 42 (44 SE 859), holding that a wife may testify against co-defendants of the husband, where there is a severance, where the testimony neither helps nor harms him, and where he is not the defendant on trial, is relevant to this question.

*Judgment affirmed in both cases. Quillian and Webb, JJ., concur.*

SUBMITTED APRIL 12, 1976 — DECIDED APRIL 28, 1976 — REHEARING DENIED MAY 18, 1976, IN CASE NO. 51979 — 

*Brown, Katz, Dasher & Flatau, Richard M. Katz,* for appellant.

*Fred M. Hasty, District Attorney, Thomas H. Hinson, Assistant District Attorney,* for appellee.