## 31394. THE STATE v. SMITH.

JORDAN, Justice.

Certiorari was granted on the application of the state to determine if the Court of Appeals erred in holding that Code § 38-1604, as amended by Ga. L. 1957, p. 53, permits a wife to refuse to testify at a grand jury proceeding, on the ground that her testimony would incriminate her husband, where the grand jury is investigating alleged illegal drug transactions of a person other than her husband. See *Smith v. State,* 138 Ga. App. 683, 685 (227 SE2d 84) (1976).

Code § 38-1604, as amended by Ga. L. 1957, p. 53, provides in the first sentence: "Husband and wife shall be competent but shall not be compellable to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable, to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed, upon the person of either by the other."

Prior to the 1957 amendment, the first clause of this sentence provided: "Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, . . ." Code of 1933, § 38-1604. The removal of this incompetency provision by the 1957 amendment made the exception clause in the remaining portion of the sentence meaningless, since the exception falls within the competency provision of the amendment. The clauses are independent, and the latter clause does not affect the meaning of the first clause.

Contrary to the argument of the state, the literal language of the statute, both before and after the 1957 amendment, makes it applicable "in any criminal proceeding." The words "for or against each other" must relate to the word "evidence," since a criminal proceeding could not be described as being "for or against each other."

The state argues that since the 1957 amendment, all cases in the appellate courts construing this statute have been in proceedings in which a husband or a wife was the defendant on trial. The fact that the appellate courts have not been called on recently to construe this statute in connection with criminal proceedings involving persons

other than the spouse of the witness is not significant.

In *Williams v. State,* 69 Ga. 11 (15, 16, 17) (1882), a case arising under a former statute with similar language (except that the spouse was then incompetent to testify), this court held: "The restriction of a wife's testimony in a criminal case is confined to giving testimony on issues involving the guilt of her husband. Although he may be indicted jointly with others, yet on the several trial of one of the others she may testify as to matters *not affecting his guilt or innocence.*" (Emphasis supplied.)

In *Askea v. State,* 75 Ga. 356 (3) (1885), it was held: "The wife of an accomplice is a competent witness to testify to any fact in a criminal proceeding not against her husband, if he be not on trial *and not affected by such testimony.*" (Emphasis supplied.)

In the present case the privilege claimed by Mrs. Dean was to refuse to testify to matters which would incriminate her husband in the grand jury investigation of a person charged with drug violations. Mrs. Dean and her husband had also been arrested for drug violations. The application for order to require them to testify states that if they testified truthfully, they would incriminate themselves. Under the record the Court of Appeals did not err in affirming the trial judge in not holding Mrs. Dean in contempt for refusing to testify to matters incriminating her husband, although the grand jury investigation was focused at that time on a person other than her husband.

*Judgment of the Court of Appeals is affirmed. All the Justices concur, except Hill, J., who concurs specially.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED SEPTEMBER 29, 1976.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellant.

*Brown, Katz, Dasher & Flatau, Richard M. Katz,* for appellee.

HILL, Justice, concurring specially.

It will be seen from the Court of Appeals opinion in this case, 138 Ga. App. 683 (227 SE2d 84) (1976), that both the wife and husband were granted immunity from

prosecution based on their grand jury testimony, that the husband's refusal thereafter to answer the questions was based upon the privilege against self-incrimination, that he was held in contempt, that the wife's refusal to answer the questions was based upon self-incrimination and the husband-wife privilege, and that she was found not to be in contempt based on the latter privilege.

It may seem incongruous that she could refuse to give testimony against her husband who had been granted immunity, but the husband-wife privilege is not limited to testimony incriminating the husband and an immunity order does not abrogate this privilege. Moreover, the grant of immunity to the wife did not protect her husband from prosecution based on her testimony. Finally, the record does not contain the October 31, 1975, depositions so that we cannot say that the trial judge erred in finding that the wife's deposition contained testimony against the husband.