John J. Walsh, J.
The witness has been subpoenaed to testify before the Grand Jury investigating certain conduct of her husband. She was directed to bring with her all of the books, papers and records of her husband’s business. The said business belongs solely to her husband and is not incorporated. The wife has no financial interest in the business and receives no salary or wage for her work as a bookkeeper.
She contends that any entries made or checks written were done at the specific direction of her husband, and any information received by her is in the nature of a confidential communication induced by the marital relationship. As such she has invoked the privilege and has appeared before me for a ruling. The prosecutor has not asked her any specific questions and the scope of his examination is not disclosed.
In People v Dudley (24 NY2d 410, 413-414) the Court of Appeals held that "not all communications between husband and wife are confidential (Poppe v. Poppe, 3 N Y 2d 312, 314-315; Parkhurst v Berdell, 110 N. Y. 386). Thus, the statutory privilege does not protect 'all the daily and ordinary exchanges between the spouses, but merely those which would not have been made but for the absolute confidence in, and induced by, the marital relationship.’ * * * Whether a communication is conñdential, and, therefore, privileged, is a preliminary question of fact to be determined by the Trial Judge.”
It has been said repeatedly that the law of New York State recognizes that "ordinary business matters” are an exception to the marital privilege. Yet these opinions involve civil actions and not criminal matters. To what extent the prosecu *813 tian may question a wife about business matters of her husband in a criminal investigation is unclear.
There is a natural repugnance to depriving a man of his liberty because of the compelled testimony of his spouse. In G-Fours, Inc. v Miele (496 F2d 809, 812) the Second Circuit Court of Appeals ruled that business matters might be disclosed in a civil action for fraud but cautioned, "If that were so, and this were a criminal case, Mr. Miele’s communication of these efforts to his wife, by word or deed, might be confidential and privileged under New York law” (citing People v Daghita, 299 NY 194; People v Monahan, 21 AD2d 76).
I, therefore, hold that any questions concerning any conversations with or instructions given her by her husband in connection with his business and business records are privileged and may not be disclosed to the Grand Jury.
Only those communications and acts which are confidential in character are deemed protected by the privilege. If the confidential character of the communication is destroyed or removed, then the privilege ceases. Communications and records received from a third party are not confidential and communications and records sent to third parties are likewise not confidential in nature.
The prosecution may, therefore, inquire from the witness testimony regarding the posting or recording of bills which may have been received from third parties as well as bills posted or recorded and actually given out to third parties in connection with the business. Only to that extent must the witness answer.