57263. WADE v. THE STATE.

QUILLIAN, Presiding Judge.

Appeal was taken from the defendant's conviction for selling marijuana. *Held:*

A GBI agent, testifying for the state, related: "I was advised that Mr. Wade [the defendant] had a quantity of marijuana." The trial judge agreed with defendant's counsel that such statement was hearsay. Subsequently, another GBI agent gave as the reason for his being in Rome, Georgia, "I had been contacted by Agent Jordan, also of the GBI, about an investigation about an individual selling large quantities of marijuana."

1. Counsel for the defendant urges that his objection to this evidence should have been sustained since it was hearsay and the witnesses for the state had no reason to testify they received information that the defendant possessed and sold large quantities of marijuana, other than for prejudicial purposes. It is argued that such testimony was unnecessary to explain conduct. See *Stamper v. State,* 235 Ga. 165 (219 SE2d 140).

In view of the trial judge's action with regard to the testimony of the first witness the defendant has no basis for complaint. That portion of the testimony of the second witness objected to did not ascribe possession of a large

quantity of marijuana to the defendant. Furthermore, it was admissible to explain conduct. *Lingerfelt v. State,* 231 Ga. 354 (4) (201 SE2d 445); *Germany v. State,* 235 Ga. 836, 841 (221 SE2d 817); *Painter v. State,* 237 Ga. 30, 32 (226 SE2d 578).

2. In view of the preceding ruling, the trial judge did not abuse his discretion by declining to grant the defendant's motion for mistrial.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 8, 1979 — DECIDED MARCH 8, 1979.

*Barkley & Garner, Larry J. Barkley,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.