63534. BAKER v. THE STATE.

McMURRAY, Presiding Judge.

This case involves a citation for contempt in refusing to answer certain questions after being subpoenaed and duly sworn and called as a grand jury witness. The witness was the mother of the defendant named in an indictment for the murder of and in concealing the death of the witness' husband. On advice of her attorney the witness answered only peremptory questions but then took "the fifth," and refused to answer certain explicit questions about her dwelling house, and other events, several times saying, "I still take the fifth amendment on those questions," and "I take the fifth," and after repeatedly stating this, refused to answer further with reference to questions leading up to or surrounding the night in which her husband was killed.

After a hearing, the trial court found as a matter of fact that no "reasonable excuse . . . nor justification" has been shown to the court for the appellant's refusal to answer questions before the grand jury and as a conclusion of law determined she was "unjustified, contemptuous, and tended to obstruct the administration of justice," confining her to jail for 10 days. Contemnor appeals. *Held:*

"Only when expressly provided by law can the privilege of a witness resist the demand of justice for the truth, and the witness refuse to answer a legal question." *Dixon v. State,* 12 Ga. App. 17 (2) (76 SE 794). Of course, the Fifth Amendment of the United States Constitution (Code Ann. § 1-805) states clearly that one may not be compelled "in any criminal case to be a witness against himself." In this instance as to the pertinent questions, the witness took "the fifth," that is, as she explained, took "the fifth amendment on those questions," which is a provision of law for refusal to answer such questions. See also Code Ann. § 38-1205 (Ga. L. 1978, p. 2000) ("may criminate or tend to criminate . . . tend to bring infamy or disgrace or public contempt upon himself or any member of his family."); and Code Ann. § 2-113 (Constitution of 1976, Art. I, Sec. I, Par. XIII) ("tending in any manner to criminate"). As seen above the Georgia law is much more protective of the witness in refusing to answer than

the Fifth Amendment. Further, whenever a sworn witness is confronted with the dilemma as to whether to answer "it is for the witness alone to determine whether or not he should testify. If the witness then says under oath that his answer would criminate himself, the 'court can demand no other testimony of the fact.' See *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 384 (77 SE 209); *Bass v. Bass,* 222 Ga. 378, 385 (149 SE2d 818); *Interstate Life &c. Co. v. Wilmont,* 123 Ga. App. 337, 338 (4) (180 SE2d 913)." *Wynne v. State,* 139 Ga. App. 355, 357 (228 SE2d 378). See also *Mallin v. Mallin,* 227 Ga. 833, 834-835 (1) (183 SE2d 377). In the latter case at page 834, it is quoted from the earlier cases of *Bass v. Bass,* 222 Ga. 378, 385, supra, and *Empire Life Ins. Co. v. Einstein,* 12 Ga. App. 380, 384, supra, as to language found in the Aaron Burr case that: " 'When a question is propounded, it belongs to the court to consider and to decide whether any direct answer to it can implicate the witness. If this be decided in the negative, then he may answer it without violating the privilege which is secured to him by law. If a direct answer to it may criminate himself, then he must be the sole judge what his answer would be. The court can not participate with him in this judgment, because they can not decide on the effect of his answer without knowing what it would be; and a disclosure of that fact to the judges would strip him of the privileges which the law allows, and which he claims. It follows necessarily, then, from this state of things, that if the question be of such a description that the answer to it may or may not criminate the witness, according to the purport of that answer, it must rest with himself, who alone can tell what it would be, to answer the question or not. If, in such a case, he say, upon oath, that his answer would criminate himself, the court can demand no other testimony of the fact.' " This procedure was not followed here when the witness was before the grand jury nor do we find the witness was ever ordered by the trial court to answer and her refusal before the grand jury was not "unjustified, contemptuous, and tended to obstruct the administration of justice" as there was no court order that the witness answer the questions before the grand jury. See *Smith v. State,* 138 Ga. App. 683 (227 SE2d 84), affd. s.c., *State v. Smith,* 237 Ga. 647 (229 SE2d 433), wherein two witneses were required by court order to answer and refused to do so, and the contempt hearings followed. Further, in *Smith v. State,* supra, the immunity statute (Code Ann. § 38-1715; Ga. L. 1975, pp. 727, 728) was involved in that the witnesses had been granted immunity which was not the case here. See also *Corson v. Hames,* 239 Ga. 534 (238 SE2d 75).

As the witness was not called upon to answer before the trial court nor in anywise granted immunity under Code Ann. § 38-1715,

supra, she was not in contempt whether or not her answers to the questions effectively brought into play her Fifth Amendment right, or any other rights to refuse to answer. The procedure set forth in *Mallin v. Mallin,* 227 Ga. 833, 834-835 (1), supra, was not followed to the letter of the law. The case is remanded for further consideration. The appellant was never ordered by the trial court to answer the grand jury questions, and the enumerated error is meritorious.

*Judgment reversed and case remanded. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 17, 1982.

*Edward T. M. Garland, John R. Hesmer, A. D. Denton,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.