746

Argued and submitted September 20, 1983, affirmed June 27, reconsideration denied August 24, petition for review allowed November 20, 1984 (298 Or 238) See 298 Or 703, 695 P2d 571 (1985)

STATE OF OREGON,
*Plaintiff,*

*v.*

RICHARD GEORGE KUHLMANN,
*Defendant.*

STATE ex rel BLENSLY,
*Respondent,*

*v.*

KUHLMANN,
*Appellant.*

(30630; CA A27812)

683 P2d 552

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant Richard Kuhlmann, Jr., refused to answer questions as a witness in his father's trial for murder, claiming his right against self-incrimination despite a court order under ORS 136.617 that he testify and a grant of use and derivative use immunity under ORS 136.619. The court found him in contempt and sentenced him to six months in jail. He appeals, alleging various constitutional and statutory infirmities. We affirm.

Defendant argues on appeal that the immunity he received was inadequate under both Or Const, Art I, § 12, and the Fifth Amendment to the United States Constitution. In *State v. Soriano,* 68 Or App 642, 684 P2d 1220 (1984), we held that the immunity provided in ORS 136.619 is inadequate under the state constitution. However, defendant did not claim a state constitutional violation in the trial court, so we consider only federal constitutional issues.

ORS 136.619 protects against use and derivative use of compelled testimony in any prosecution "for a crime or offense concerning which the witness gave answer or produced evidence under court order." As defendant points out, this language, taken literally, might permit use of the testimony in a prosecution for an unrelated crime. For instance, a witness may be questioned under a grant of immunity about a burglary that took place on a certain street at a certain time. In answering the questions the witness may admit that he or she was present on that street at that time. The prosecution may then seek to introduce that admission, or evidence derived from it, against the witness in a prosecutuion for another burglary committed in another house on the same street at about the same time. If the statute is read narrowly, it would not prohibit such a use and the witness would have been compelled to provide evidence against himself. ORS 136.619 would thus not be an adequate substitute for defendant's Fifth Amendment right.

Other states have immunity statutes with similar wording. *See, e.g.,* Ariz Rev Stat § 13-4064; Ga Code Ann § 38-1715; NJ Stat Ann 2A:81-17.3. We are not aware of any decision considering this potential problem, although the Georgia statute has been upheld against other attacks. *Brooks v. State,* 238 Ga 435, 233 SE2d 208 (1977); *Smith v. State,* 138

Ga App 683, 227 SE2d 84 (1976). Courts construing transactional immunity[1] statutes limited to certain crimes generally hold that the witness is immunized from prosecution for any crime to which the compelled evidence relates. *See, e.g., State v. Hancock,* 146 Fla 693, 1 So2d 609 (1941). We are convinced that the legislature intended to provide immunity sufficiently extensive to overcome the Fifth Amendment right not to be a witness against oneself. We therefore construe ORS 136.619 to prohibit the use of the immunized testimony or its fruits against the witness in any criminal proceeding or prosecution. So construed, the statute passes the test of *Kastigar v. United States,* 406 US 441, 92 S Ct 1653, 32 L Ed 2d 212 (1972).

■■ Defendant's other federal constitutional claims are without merit. The potential use of defendant's immunized testimony against him in a perjury, false swearing or contempt proceeding is not a federal constitutional violation. *United States v. Apfelbaum,* 445 US 115, 100 S Ct 948, 63 L Ed 2d 250 (1980). The grant of immunity was sufficient to overcome defendant's Fifth Amendment right not to answer.

■ Defendant further challenges as unconstitutionally vague the statutory grounds which the court considered in ordering him to testify. The statutory criteria are necessarily general so that courts may apply a general legislative policy to specific cases. They are, however, simply the standards for courts' exercise of discretion, not the requirements which defendant must follow at their peril; those latter requirements are found in the court order that this defendant violated. The order was sufficiently specific to inform him of what was required.

■ Finally, contrary to defendant's argument, it was proper for an adult court to find defendant, a juvenile, in contempt for refusing to testify in an adult proceeding and to impose the statutory sanctions for the contempt. *State v. Tripp,* 36 Or App 141, 583 P2d 591, *rev den* 285 Or 73 (1979).

Defendant's other assignments are without merit.

Affirmed.

---

[1] For a discussion of the various kinds of immunity, *see State v. Soriano, supra,* 68 Or App at 644 n 3.