## 44488. LAWRENCE v. THE STATE.
(360 SE2d 716)

HUNT, Justice.

Charles Lawrence, Sr. was convicted of the malice murder of his common-law wife, Sandra Hooten, and sentenced to life in prison. His appeal raises as error the admission of prior difficulties between him and the victim, the denial of the right to confront a witness who exercised his right to remain silent, the denial of his motions for mistrial and for directed verdict, and the admission of speculative testimony.[1] We reverse.

1. A jury was authorized to find that early on the morning of June 28, 1985, the defendant shot the victim at their quarters in the Skyway Record Shop, which the defendant owned. He then ran to her parents' home and got his car, drove her to the emergency room at Grady Hospital, delivered her to an attendant (orderly) and, on the pretext of finding a place to park his car, left without giving any information. At about 4:00 p.m., he returned to Grady, where he told police that he had accidentally shot the victim while shooting at robbers during an armed robbery of his record store. The victim died the next day from a gunshot wound to the head.

We conclude that the evidence presented at trial was sufficient to

---

[1] The killing occurred on June 28, 1985, and the defendant was indicted on August 13, 1985. He was tried and convicted on February 19, 1986, and sentenced to life in prison. His motion for new trial was filed on March 20, 1986, amended on February 25, 1987, and denied on February 26, 1987. Notice of appeal was filed on February 27, docketed here on March 27, and submitted for decision on May 8, 1987.

authorize a rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt under the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. There is no merit to the defendant's claim that the trial court erred in allowing several witnesses to testify about prior difficulties between the defendant and the victim. The trial court limited the witnesses' testimony to events within their personal knowledge and sustained the defendant's objections to hearsay evidence. We find no error. *Cooper v. State*, 256 Ga. 234 (347 SE2d 553) (1986).

3. In his next enumeration of error, the defendant contends that he was denied his right to confront a witness called by the state, Oliver Hart, the defendant's friend and business associate, who according to the prosecutor had confided with and advised the defendant on more than one occasion during the first several hours following the shooting. The conversations between Hart and the defendant had been revealed by Hart to the police in a written statement. Upon taking the stand, Hart and his lawyer advised the court and counsel that Hart would not testify but would exercise his rights under the Fifth Amendment to remain silent, OCGA § 24-9-27, and he subsequently invoked this privilege as to each question posed by the prosecutor. Because it was apparent that Hart would answer no questions, the defendant declined to pursue cross-examination.

Lawrence argues that the prosecutorial procedure involving Hart precluded him from any meaningful cross-examination and amounted to a confrontation violation similar to that encountered in *Lingerfelt v. State*, 235 Ga. 139 (218 SE2d 752) (1975) (*Lingerfelt II*). Here, as in *Lingerfelt II*[2], the witness and his lawyer notified the court and counsel that he would not answer any question. Here, as in *Lingerfelt II*, counsel for the defendant sought unsuccessfully to have the nature of the questions and the propriety of Hart's invoking the Fifth Amendment considered out of the jury's presence.[3] With the court's

---

[2] We held in *Lingerfelt v. State*, 231 Ga. 354 (201 SE2d 445) (1973) (*Lingerfelt I*), that it was reversible error to admit the co-defendant's testimony at the defendant's first trial. *Lingerfelt I* and *Lingerfelt II* involved admission of hearsay which violates both the confrontation clause, *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), and OCGA § 24-3-5. The evidence was inadmissible and it was error to admit it directly, *Lingerfelt I*, supra at 231 Ga. 354, or indirectly, *Lingerfelt II*, supra at 235 Ga. 139.

[3] The appropriate course where, as here, a witness invokes his right to remain silent is as follows: First, the trial court must determine if the answers *could* incriminate the witness. If so, then the decision whether it *might* must be left to the defendant. *Mallin v. Mallin*, 227 Ga. 833, 835 (183 SE2d 377) (1971); *Bass v. Bass*, 222 Ga. 378 (2) (149 SE2d 818) (1966). On the other hand, where the trial court determines that the answers *could not* incriminate the witness, he must testify (or be subject to the court's sanction). Compare *Baker v. State*, 162 Ga. App. 606 (292 SE2d 451) (1982) to *State v. Smith*, 237 Ga. 647, 648-49 (229 SE2d 433) (1976) (Hill, J., concurring specially) and *Cates v. State*, 245 Ga. 30 (262 SE2d 796) (1980). It is for the court to decide if the danger of incrimination is " 'real and appreciable.' " *Axson v. Nat. Security Corp.*, 254 Ga. 248, 250 (327 SE2d 732) (1985).

In this case, this procedure was not followed and the witness was allowed to assert his

permission, and in the jury's presence, the witness refused to answer each of some fourteen leading questions posed by the prosecutor which suggested the guilt of the defendant. As in *Lingerfelt II*, the prosecutor's questions were based on a prior statement made by the witness, in this case, to Detective Price of the Atlanta Police Department. As in *Lingerfelt II*, the undeniable effect of this prosecutorial procedure was to place before the jury, through the questions asked, the content of Hart's statement to the police, and the clear inference that the defendant had made these incriminating statements to Hart.

Although, unlike the defendant in *Lingerfelt II*, Hart was not a co-defendant, and the testimony which the prosecutor sought to elicit, as well as Hart's previous statement to the police,[4] would have been otherwise admissible, *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982); *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), we do not view these differences as requiring any conclusion except that urged by the defendant — that he was effectively deprived of his opportunity to confront and cross-examine the witness against him, just as was the defendant in *Lingerfelt II*. Therefore, we reverse.

4. Defendant next contends that the trial court should have granted his motion for directed verdict on either Count I, malice murder, or on Count II, felony murder, because he could not have been guilty of both. He argues that submitting the case to the jury in two counts was not only confusing to the jury but also prejudicial to him because it left the impression that he was charged with two offenses. He urges reversal because the indictment was not framed in the alternative. We do not agree. The jury was charged that it could find the defendant guilty of either malice murder or felony murder. Furthermore, the defendant was not entitled to a directed verdict on one of the counts; it was up to the jury to decide between the two. *Dunn v. State*, 251 Ga. 731, 734 (309 SE2d 370) (1983).

5. The remaining enumerations of error, including the failure of the trial court to grant a mistrial, present no cause for reversal and are unlikely to be repeated on retrial.

*Judgment reversed. All the Justices concur.*

---

privilege without further inquiry. Although the assertion by a witness of his Fifth Amendment rights in the jury's presence need not be harmful, and in many instances would be appropriate, the procedure here, whereby the prosecutor was allowed, in effect, to testify for the witness and circumvent meaningful cross-examination as to obvious inferences, is clearly unacceptable and was harmful to the defendant.

[4] The state did not offer this statement in evidence but insisted it was trying only to offer the conversations between Hart and Lawrence.

DECIDED OCTOBER 7, 1987.

*Clifton O. Bailey III*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.