### A89A1188. BOWEN v. THE STATE.
(389 SE2d 516)

Pope, Judge.

Defendant Richard Marvin Bowen was convicted of burglary. On November 7, 1987, the house of Helen Wilcox was burglarized. The victim found two laundry and drycleaning tickets in her carport with the name "R. Bowen" on them. A witness from the cleaner testified that she marked customers' tickets and she put "R. Bowen" on Richard Bowen's ticket to distinguish his clothes from his father's which were marked "C. Bowen." On November 13, 1987, defendant pawned several items taken in the burglary. Later, a search of defendant's property turned up another item taken in the burglary.

1. Defendant argues that the trial court erred in denying his motion to suppress in that the search exceeded the scope of the warrant and the information upon which the warrant was based was stale. Officer Reed of the Newton County Sheriff's Department obtained a warrant to search defendant's premises for a quantity of marijuana. The affidavit in support of the application stated that a confidential informant known to Reed and considered reliable had seen a quantity of marijuana on the premises within the past 14 days. The affidavit also contained information that Reed had independently verified that defendant lived there and that defendant had a previous arrest record. No marijuana was found, but police found and seized a jewelry box taken in the burglary of the Wilcox house.

Defendant argues that the information on which the information was based was stale. Staleness "is included in the broad overview of 'totality of circumstances' [as set out in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983)]. [Cit.] Thus, the issuing magistrate's task is to make a practical common sense decision, based on all the circumstances presented in the affidavit, whether there is a fair probability that evidence of a crime will be [found]. The reviewing court must insure there was a substantial basis for the magistrate's conclusion. [Cit.]" *Ayers v. State*, 181 Ga. App. 244, 248 (351 SE2d 692) (1986).

We agree with the trial court that this affidavit is "borderline." We conclude, as did the trial court, that a magistrate could make a

common sense decision that marijuana might still be present. Even if the affidavit did not provide the magistrate with probable cause to believe that marijuana would be found, the evidence need not be suppressed because "the officer's reliance on the magistrate's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion is inappropriate." (Citation and punctuation omitted.) *Adams v. State*, 191 Ga. App. 916, 917 (383 SE2d 378) (1989).

Nor do we find that the trial court erred in finding that the search did not exceed the scope of the warrant. The warrant authorized a search of the house, a barn and a workshop on the premises. Police noticed items of jewelry in plain view in a trash pile (also described as a garden). Officer Reed testified that when he went to pick the items up he saw other items and used a nearby rake to move aside sticks, trash and loose dirt to uncover these items. Officer Reed thought the jewelry looked too new to be discarded and that is what attracted his attention. He also knew that there had been several burglaries in Newton and Rockdale counties. The officer had the right to seize the items found. See *Whittington v. State*, 165 Ga. App. 763 (302 SE2d 617) (1983).

2. Defendant argues that the trial court erred in allowing the State to continue to question Scott Cunningham, a former roommate of defendant's son, when he invoked his Fifth Amendment privilege. The State believed that Cunningham would testify about a trip to the pawnshop in which items from the burglary were pawned. When Cunningham took the stand, he surprised the State by invoking the privilege. Outside the presence of the jury, the trial court determined that the answers could be incriminating and ruled that he would allow Cunningham to invoke the privilege. After the jury returned, the State asked the following questions, all of which Cunningham refused to answer under his Fifth Amendment privilege:

"Mr. Cunningham, were you present with the defendant when he pawned those items at Phil's Pawn Shop?"

"Did Mr. Bowen show you those items in his automobile the day before he took them to Phil's Pawn Shop?"

"Were you aware Mr. Bowen had burglarized the residence on Limberlost Trial in Rockdale County?"

"Were you aware that Mr. Bowen had stolen property at his house in Newton County that came from the Limberlost residence?"

Defendant argues that he was denied his right to cross-examination in this circumstance and relies on *Lawrence v. State*, 257 Ga. 423 (3) (360 SE2d 716) (1987). However, we note crucial distinctions between *Lawrence* and this case. In *Lawrence*, Hart had made a written statement to police incriminating the defendant. Before Hart was called to testify, he and his counsel advised the court and counsel that

Hart would not answer any questions. In this case Cunningham did answer questions, only invoking the privilege on some questions. Further, counsel for the defendant did cross-examine Cunningham, eliciting testimony favorable to defendant. The trial court followed the procedure set out by the Supreme Court in *Lawrence* in Footnote 3 of the opinion at pages 424-425. In these circumstances, we find no error in the procedure followed and no restriction on defendant's right to cross-examine.

3. There is not merit to defendant's argument that the charge on recent, unexplained possession of stolen property is burden-shifting. *Williamson v. State*, 248 Ga. 47 (1) (c), particularly at 57 (281 SE2d 512) (1981).

4. Defendant filed a brief to supplement that filed by his able counsel. Although not required to do so, see *Wilson v. City of Atlanta*, 184 Ga. App. 651 (362 SE2d 460) (1987), we will address the two additional errors alleged in his brief. First, defendant argues that the indictment is defective in that it failed to describe what items were stolen. The indictment charged defendant with burglary. In an indictment for burglary, the State need not allege a description, value or ownership of goods actually stolen to have a valid indictment. *Davis v. State*, 139 Ga. App. 105 (3) (227 SE2d 900) (1976). Lastly, defendant raises the general grounds. Upon a review of the entire record, we find that a rational trier of fact could have found beyond a reasonable doubt from the evidence adduced at trial that defendant was guilty of the offense of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 27, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*John Martin*, for appellant.
Richard Bowen, *pro se*.
*Robert F. Mumford, District Attorney*, for appellee.