Bohn, J.
I. Statement of Facts and Procedural History
On January 27, 1997, Alexandra Economou, the wife of the defendant, James C. Economou, was subpoenaed to testify before the grand jury in Worcester county. At that time, the members of the grand jury were investigating the activities of multiple parties, including the defendant, with respect to allegations of insurance fraud committed by partners of a law firm in the Worcester area, their associates and related others.
On February 14, 1997, Mrs. Economou appeared before the grand jury and, on that occasion, declined to answer any substantive questions, invoking her privilege against self-incrimination and marital privilege. On March 5, 1997, the Commonwealth obtained an immunity order from the Supreme Judicial Court (Greaney, J.) in order to respond to the self-incrimination issue. The marital privilege issues were left to the Superior Court Judge to resolve as they arose.
On March 12, 1997, this Court (Sosman, J.) heard argument regarding a defense motion to quash the grand jury subpoena based upon marital privilege. Judge Sosman denied the motion at the conclusion of the hearing and, on March 13, 1997, Mrs. Economou was called to testify before the grand jury. Upon being questioned, Mrs. Economou again invoked her marital privilege. As a result, a contempt hearing was held before Judge Sosman. Judge Sosman found Mrs. Economou to be in contempt and refused to stay the contempt order pending appeal. Subsequently, Mrs. Economou chose to waive her marital privilege and testified in full before the grand juiy.[1]
This matter is now back before the court on the motion of the defendant to dismiss the indictments. In his motion, the defendant argues that, by compelling Mrs. Economou to testify before the grand jury, the Commonwealth violated G.L.c.233, §20 and intruded into the parties’ protected rights of marital privacy. The defendant also argues that, by compelling Mrs. Economou’s testimony, the Commonwealth has prejudiced the defendant’s trial preparation and strategy by eliciting testimony from a crucial witness without proper justification. Finally, the defendant argues that, as a result of these violations, the indictments should be dismissed. In the alternative, the defendant argues that the Commonwealth should be precluded from using the direct or indirect fruits of Mrs. Economou’s testimony.
The Commonwealth has opposed the defendant’s motion. In its opposition, the Commonwealth argues that the marital privilege, which protects one spouse from testifying against the other in a criminal case, is not available in the grand jury setting. For that reason, the Commonwealth argues, the indictments should not be dismissed.
*30 II. Discussion
In the Commonwealth of Massachusetts, the husband/wife privilege is set forth in Massachusetts General Law Chapter 233, Section 20; however, no Massachusetts case has interpreted this statute as it pertains to grand jury testimony. Commonwealth v. Burke, 20 Mass.App.Ct. 489, 510 (1985). In fact, the Massachusetts Appeals Court has stated explicitly in Commonwealth v. Burke, “We intimate no opinion whether the spousal privilege may be invoked during a grand jury investigation.” Id. For that reason, resolution of the issue now before the court must rely on the language of the statute, the policy underlying the privilege and decisions of other jurisdictions.
A. General Law Chapter 233, §20
Where applicable, G.L.c. 233, §20 provides as follows:
Any person of sufficient understanding, although a party, may testify in any proceeding, civil or criminal, in court or before a person who has authority to receive evidence, except as follows:
First, . . . neither husband nor wife shall testify as to private conversations with the other.
Second, Except as otherwise provided in Section seven of chapter two hundred and seventy-three [criminal actions for nonsupport, desertion, etc.] and except in any proceeding relating to child abuse, including incest, neither husband nor wife shall be compelled to testify in the trial of an indictment, complaint or other criminal proceeding against the other;
Third, . . .
Fourth, An unemancipated, minor child . . . shall not testify before a grand jury, trial of an indictment, complaint or other criminal proceeding, against said parent. . . G.L.c. 233, §20 (1998).
The particular phrase at issue in this case is contained in the second paragraph of G.L.c. 233, §20, which states, “. . . neither husband nor wife shall be compelled to testify in the tried of an indictment, complaint or other criminal proceeding against the other.” That issue is whether tire phrase “other criminal proceedings” includes grand jury proceedings.
When the meaning of any particular section or clause of a statute is questioned, it is proper to look into other parts of that statute. Commonwealth v. Galvin, 388 Mass. 326, 328 (1983). Additionally, where the legislature has employed specific language in one paragraph, but not in another, language should not be implied where it is not present. Beeler v. Downey, 387 Mass. 609 (1982).
In examining recent amendments to the law, one finds that the fourth paragraph of G.L.c. 233, §20, which deals with testimony of a child against a parent, is newly added. That language is informative in deciding the issue in this case. In the fourth paragraph of G.L.c. 233, §20, the legislature has decreed that, “An unemancipated child . . . shall not testify before a grand jury, trial of an indictment, complaint or other criminal proceeding ...” (emphasis added). The legislature’s placement of the words “grand jury” before the words, “trial of an indictment, complaint or other criminal proceeding” in paragraph four makes clear that none of those terms, as they have been used in the second paragraph of §20 of chapter 233, includes grand jury proceedings. Given the present construction of the statute, therefore, the undersigned justice is constrained to deny defendant’s motion to dismiss. In doing so, however, the Court makes the following observations with respect to the policies which support the marital privilege and the state of the law in other jurisdictions.
B. Policy Considerations
“Testimonial privileges are exceptions to the general duty imposed on all people to testify”; however, because such privileges dimmish the evidence before the court, they must be strictly construed. Commonwealth v. Corsetti, 387 Mass. 1, 5 (1982). “The modern justification for this privilege against adverse spousal testimony is its perceived role in fostering the harmony and sanctity of the marriage relationship.” Trammel v. United States, 445 U.S. 40, 44 (1980). This is based on the premise that the law should not force testimony which would alienate the marital couple or inflame domestic differences. Hawkins v. United States, 358 U.S. 74, 79 (1958).
In his dissenting opinion in the Massachusetts case of Three Juveniles v. Commonwealth, Justice Francis O’Connor discussed the importance of and the policy behind testimonial privileges:
... [S]ociety... has an interest in fostering the unit of the family, “[t]he institution of the family is deeply rooted in this Nation’s history and tradition.” Moore v. East Cleveland, 431 U.S. 494, 499 (1977). The Massachusetts legislature has declared that “the policy of the Commonwealth [is] to direct its efforts ... to the strengthening and encouragement of family life.” [The Massachusetts] statutes demonstrate a legislative awareness that there are basic human instincts to protect the members of one’s family, even from the State, and . . . the State should respect those instincts, despite the possible adverse effects on law enforcement . . . [I]n some circumstances the important interests of society ... must give way to the recognition and protection of marital and family integrity . . . [S]ociefy’s interest in the enhancement of the marriage relationship justifies a spouse’s privilege not to testify against a spouse in a criminal proceeding . . .
Three Juveniles v. Commonwealth, 390 Mass. 357, 366-67 (1983) (O’Connor, J., dissenting opinion) (citations omitted).[2]
The privilege of one spouse not to testify against another in a criminal proceeding, therefore, is *31 grounded in public policy and tradition. The danger of one spouse being forced to testify against another, and of potentially assisting with the conviction of that spouse, has long been recognized as a precarious and undesirable situation in the Commonwealth of Massachusetts. Commonwealth v. Maillet, 400 Mass. 572, 575 (1987). To date, however, it appears that this privilege has not been extended to the grand jury, even though the harm done to the family relationship by compelling testimony before a grand jury may be just as serious as the harm done by compelling testimony during trial. Commonwealth v. Paszko, 391 Mass. 164, 189 (1984).
C. State of the Law in Other Jurisdictions
Several jurisdictions have explicitly extended the marital privilege to testimony which occurs before the grand juiy; and, at least five federal circuit courts have held that the privilege extends to grand juiy testimony when interpreting the federal rules of evidence. See e.g., In re Gary Snoonian, 502 F.2d 110, 112 (1st Cir. 1974) (holding that the husband-wife privilege applies to grand juiy proceedings); In re Grand Jury Investigation, 603 F.2d 786, 789 (9th Cir. 1979) (holding that a witness before a grand jury should not be compelled to choose among perjury, contempt or disloyalty to his spouse); In Matter of Grand Jury, 633 F.2d 276, 277 (10th Cir. 1980) (holding that privilege against adverse spousal testimony applies to grand jury proceedings); In re Grand Jury Matter, 673 F.2d 688, 693 (3rd Cir. 1982) (same); In re Grand Jury Proceedings, 664 F.2d 423, 430 (5th Cir. 1981) (holding that spousal privilege applies to grand jury testimony); Matter of Doe, 90 Misc.2d 812, 396 N.Y.S.2d 145 (1977); Smith v. State, 138 Ga.App. 683, 227 S.E.2d 84 (1976); Merritt v. State, 339 So.2d 1366 (Miss. 1976); People v. Budinski, 159 Misc. 566, 289 N.Y.S. 656 (1936); People v. Baldek, 259 Ill. 69, 102 N.E. 243 (1913).
To date, however, the privilege which protects spousal testimony before a grand jury has not been so extended by the Commonwealth of Massachusetts.[3]
III. Order
For the reasons stated above, the defendant’s motion to dismiss indictments nos. 97-0197 and 97-0564 is DENIED.

 On March 18, 1997, the grand jury returned indictments against the defendant charging him with one count of insurance fraud (G.L.c. 266, § 111 A), one count of larceny over $250 (G.L. 266 §30) and one count of common law conspiracy. On September 1, 1997, the grand jury returned indictments charging the defendant with insurance fraud, workers compensation fraud, conspiracy, larceny over $250, motor vehicle insurance fraud, attempted larceny over $250 and common law conspiracy to commit worker’s compensation fraud. G.L.c. 152, §14(3) (2 counts); G.L.c. 266, §30 (5 counts); 266, §11 IB (2 counts); 274, §7 (one count); 266, §111A (3 counts); 274, §6 (one count).

 In Three Juveniles, the Court determined that a privilege which would protect a child from being compelled to testify against a parent in the grand jury did not exist. The legislature subsequently amended G.L.c. 233, §20 to create the privilege, now codified in paragraph four.

 Proposed Massachusetts Evidence Rule 504 would amend the current law on spousal privilege and extend the privilege to grand jury proceedings. See Advisory Committee’s Note (a)(1).