39036. ODOM v. HILTON *et al.*

DECIDED FEBRUARY 9, 1962.

*Thomas M. Odom,* for plaintiff in error.

*L. H. Hilton, C. L. Hilton,* contra.

BELL, Judge. ■ The action here was brought by a former client against his attorneys and seeks, inter alia, to recover the amount of a claim alleged to have been lost because of the lawyers' negligence and misconduct in handling it. With respect to the part of the controversy considered in this division of the opinion, the petition alleges negligence and misconduct of counsel is to be found in their failure to notify and inform the petitioner of an offer made by the one against whom the claim was asserted to pay $500 in settlement.

From the petition and its exhibits, it clearly appears that Jim Kelly as a mortgagee was named in the mortgage clause of the fire insurance policy issued by Home Insurance Company to cover property owned by the plaintiff, Odom; that Kelly, as mortgagee, would be paid under the policy for any loss of the property as his interest might appear; that Kelly, as mortgagee, filed a suit against Home Insurance Company to recover his interest; and that Kelly's suit was instituted upon the recommendations of these defendant attorneys with the acquiescence of their client, the plaintiff Odom.

The petition makes it evident that the $500 allegedly offered in settlement by Home Insurance Company was for the purpose of settling the suit which had been brought in the name of Jim Kelly. This plaintiff, Odom, was not a party to that action, and it is obvious that the insurance company would not make a money offer of settlement to Odom to settle another action to which he was not a party.

The pertinent part of the petition proclaiming the offer of settlement reads as follows: "That your petitioner since has learned that Home Insurance Company offered $500 and allowed him (Jim Kelly) to retain said note and security deed for release.

The exact date, time, and place of communication not known to your petitioner but is well known to defendants."

The petition does not allege that Home Insurance Company had knowledge that Odom was the real party at interest in Kelly's suit, neither does it negate the inference that the insurer thought that Kelly was the interested party, since Kelly was the named plaintiff in the action. It follows that there could have been no meeting of the minds as between Odom or his counsel on the one hand and the insurer on the other that the alleged offer of settlement was intended to be for the benefit of Odom. It is manifest that Odom could have no cause of action upon this offer of settlement which was not intended for his benefit.

As the problem is not presented to us in this case, we wish to emphasize that we do not consider the question as to whether an attorney is under a duty to transmit to his client each and every offer of settlement which may be tendered to counsel by the defendant in an action. It is interesting to note that this point has not been decided by the Supreme Court nor this court, and we do not decide it now. As the offer of settlement here was made to a third party, Kelly, and was not made to this plaintiff, Odom, obviously this plaintiff could have no possible cause of action against his attorneys for their failure to transmit this offer of settlement to him.

■ A different result, however, arises from the statement for professional services dated November 23, 1960, rendered to the plaintiff by the defendants. This statement showed a recovery of $2,214.43 from Home Insurance Company, and charged the plaintiff a fee of one-third of this amount. Without apparent authority, defendants deducted their fee from the amount which they held in escrow for another use. The escrow funds were derived from the prior recovery of $7,000 from another insurer, National Ben Franklin Insurance Company, and were held for the specific purpose of paying off the indebtedness on the deeds to secure debt.

This statement rendered to the plaintiff, charging a fee to him for the collection allegedly received from Home Insurance Company carried with it the necessary representation that the collection had been made in his favor. In view of the intended pur-

pose of the escrow funds, the statement also carried with it the necessary implication that the deeds to secure debt had been paid, since the escrow funds were to be released only through the payment of the indebtedness on the deeds to secure debt.

The net results of the statement as rendered were: (1) a misuse of the escrow funds in failing to apply them in the intended way of paying off the deeds to secure debt; (2) an unauthorized and an incorrect deduction from the escrow funds of a fee for an alleged collection on plaintiff's behalf from Home Insurance Company, when in fact no such collection had been made. In actuality, this so-called collection was merely money paid by Home Insurance Company to Jim Kelly as consideration for a transfer to Home Insurance Company of the deeds to secure debt. These deeds remained encumbrances on the property of the plaintiff, and it is for the recovery of these encumbrances that these attorneys defendant are suing the plaintiff in another action. The petition sufficiently states a cause of action for the recovery of the improperly charged fee.

■ The remaining question to be decided is whether a cause of action is stated by the portion of the petition which seeks to recover from the defendants the attorney's fees previously paid to them by the plaintiff for the successful collection of $7,000 from National Ben Franklin Insurance Company.

The resolving of this issue necessarily requires consideration of the questions, (a) whether an attorney allegedly guilty of unprofessional conduct or abandonment of his client's cause forfeits his right to fees for services rendered, even though the contract of employment is severable, and (b) whether the contract of employment here is entire or severable.

■ An attorney may lose his right to fees for unprofessional conduct or abandonment of his client's cause. Hightower v. Detroit Edison Co., 262 Mich. 1 (247 NW 97, 86 ALR 509). "According to the weight of authority, an attorney who, without justifiable cause and without his client's consent, voluntarily abandons or withdraws from a case upon which he has entered before its termination and before he has fully performed the services required of him with respect thereto loses all right to compensation for services rendered, although in some cases the

attorney has been allowed to recover on a quantum meruit notwithstanding his abandonment of his employment." 5 Am. Jur. 363, 364, Attorneys at Law, § 171. See also 7 C.J.S. 1025 et seq., Attorney and Client, § 167c. And see *Larey v. Baker,* 86 Ga. 468, 475 (12 SE 684). However, where the services are severable, misconduct of the attorney as to one phase will not result in the forfeiture of fees as to another phase of the services. *Rippey v. Wilson,* 280 Mich. 233 (273 NW 552). See also *Hunter v. Troup,* 315 Ill. 293 (146 NE 321). Although there is no Georgia case precisely in point, we think that the Michigan Supreme Court correctly stated the law in the Rippey case. We adopt this view.

It is to be noted that no allegations of misconduct of counsel are charged by the petition regarding the successful services rendered in collecting the face amount of the National Ben Franklin Insurance Company policy. The acts alleged as constituting misconduct of counsel relate to their performance with respect to the uncollected policy issued by Home Insurance Company. Accordingly, if the contract is severable, the alleged misconduct of counsel charged as to their handling of the Home Insurance Company policy will not result in the forfeiture of the fees received from the successful collection of the proceeds under the National Ben Franklin Insurance Company policy.

█ The only question remaining is whether the agreement alleged is entire or severable.

If it be severable, the party who has performed a portion thereof may recover for that portion from the other contracting party. *Hill v. Balkcom,* 79 Ga. 444, 446 (5 SE 200).

The criterion for determining whether a contract is entire or severable is to be found in the question of whether the whole quantity, service, or thing, as a whole, is of the essence of the contract, and if it appear that the contract was to take the whole or none, then the contract would be entire, but, on the other hand, if the quantity, service, or thing is to be accepted by successive performances, the contract may properly be held to be severable. *Piedmont Life Ins. Co. v. Bell,* 103 Ga. App. 225 (3), 235 (119 SE2d 63); *Dolan v. Lisfey,* 19 Ga. App. 518 (91 SE 913); 12 Am. Jur. 873, 874, Contracts, § 318.

The contract here provides for the handling by the attorneys defendant of two separate insurance contracts by suit or collection against two separate insurance companies. The compensation to be received by counsel was to be based upon a percentage of the amount collected on each policy. The professional services rendered with respect to the policy issued by National Ben Franklin Insurance Company were successfully completed, and the full amount of the policy of $7,000 was collected by counsel. The agreed percentage fee for the collection on this policy was charged by the defendant counsel and was paid by the plaintiff client. No allegations are present in the petition charging unprofessional conduct or misconduct of counsel on this phase of the contemplated services. The suit on the second policy, by agreement of the parties, was separately brought, not in the name of the client (plaintiff), but in the name of the holder of the security deed. By these actions of the parties, it is clear that they intended the contract to be a severable one.

The fact that a portion of the proceeds of the successful settlement, by agreement of the parties, was retained in escrow by the attorneys does not link that phase with the subsequent services so as to prevent severability of the successive performances under the contract. The services rendered were severable.

The defendant attorneys are entitled to retain the fees received for services rendered in successfully collecting the face amount of the policy issued by National Ben Franklin Insurance Company.

For the reasons indicated, the trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Hall, J., concur.*