72625, 72820. BRYAN et al. v. GRANADE; and vice versa.
(348 SE2d 885)

POPE, Judge.

Appellants are the grandchildren and legal heirs of Pauline J. Bywaters, who died testate in 1978 leaving the bulk of her estate to her minister, who was not related. The heirs retained as their attorney appellee/cross-appellant Gaines C. Granade on a contingent fee basis to contest this will on their behalf on the ground that undue influence had been exerted on Mrs. Bywaters in her declining years and ill health. After filing a caveat in probate court, Granade handled the case through multiple jury trials and appeals to the Supreme Court before it finally culminated in favor of the heirs. See *Bryan v. Norton*, 245 Ga. 347 (265 SE2d 282) (1980). Upon petition by the heirs Granade was qualified as administrator of the estate in March of 1981. In July of 1982, being dissatisfied with Granade's services, the heirs retained another law firm and filed a petition in probate court to have him removed as administrator of the estate. In response thereto Granade filed a request to resign, which was accepted by the probate court conditioned upon his settling his accounts with the successors (two of the heirs), and filing an estate return listing his expenditures. He also sought attorney fees equal to forty percent of the net estate for his representation of the heirs in the will caveat and subsequent litigation. The probate court after reviewing the evidence found that Granade as administrator had failed to file an annual accounting as required by OCGA § 53-7-180; that he had managed the estate in such a manner as to cause loss to it; and that certain items on the final return were disallowed. The probate court ruled that by his failure to make annual returns Granade had forfeited his commissions as administrator pursuant to OCGA § 53-6-146; that since he had not sufficiently documented or proved the value of extraordinary services he claimed to have rendered the estate, his petition for extra compensation was denied; that it was the duty of the probate court under OCGA § 53-7-189 to enter judgment surcharging the fiduciary when it appeared that he was liable to the estate; and that judgment was therefore ordered against Granade and his surety in the amount of $15,974.29.

Granade then filed the instant suit in superior court to recover attorney fees due under the alleged contingent fee contract or under the theory of quantum meruit. The heirs responded raising numerous affirmative defenses and counterclaims asserting that Granade had forfeited any right to attorney fees because of his breach of fiduciary duties as their attorney and administrator of the estate; that he had injured the heirs by this breach of fiduciary duty and was liable for punitive damages because of his wanton conduct and bad faith; that he was liable to the heirs for the attorney fees incurred in their efforts to remove him as administrator; and that Granade had violated the Georgia RICO (Racketeer Influenced and Corrupt Organization) Act, OCGA § 16-14-1 et seq. In August of 1985 Granade filed a two-part motion for partial summary judgment contending that he was entitled to summary judgment on all the heirs' counterclaims, which could only be prosecuted by the estate, and these charges having already been successfully maintained against him in probate court thereby foreclosed other such claims under the doctrine of res judicata; that the fee he sought was entirely for the legal representation in the will caveat based upon the contingency of a successful conclusion, but no fee was sought for any of his administrator's duties; and that while the amount of the fee was in dispute and should be determined by a jury, the fact that he was entitled to a fee in some amount, either upon a contract or quantum meruit basis, had been established as a matter of law when the caveat was successfully concluded. One of the heirs who resided in Florida was granted a motion to dismiss for lack of personal jurisdiction on August 19, 1985, and on December 5, 1985 the superior court granted Granade's motion for partial summary judgment on both grounds. The heirs appeal from that judgment and Granade cross-appeals from the order holding that the Florida heir was not subject to the jurisdiction of the superior court.

1. The heirs argue that their claims in superior court were not precluded by the probate court judgment, because that court lacked jurisdiction to determine the issues raised by their counterclaim in the superior court. We do not agree. "The [probate court] has jurisdiction to hear and determine issues of fact and to apply legal principles, in a citation for settlement brought against an administrator. No construction of a will being involved, the court does not lose jurisdiction because questions of law as well as of fact are involved." *Porter v. Watson*, 51 Ga. App. 848, 849 (3) (181 SE 680) (1935). Accord *Cubine v. Cubine*, 69 Ga. App. 656 (1) (26 SE2d 462) (1943). In his suit in superior court, Granade sought to recover only for his services rendered as the heirs' attorney in successfully contesting their grandmother's will, not for fees for any services rendered as administrator. There is no dispute over the fact that Granade has never been paid any legal fees for the extensive work he performed in the protracted

will contest. The heirs' counterclaims involve allegations of fiduciary misconduct in his capacity as administrator of the estate which were or could have been considered in the probate proceedings removing him as administrator, but cite no instances of malfeasance, misfeasance, or nonfeasance during his prior employment as their attorney. Thus, the superior court correctly ruled that after considering the pleadings, affidavits and other evidence in the instant case, there appeared no genuine issue of material fact as to any count of the counterclaim; and that there was no genuine issue of material fact in regard to the heirs' liability on Granade's claim for attorney fees, the only remaining issue of fact being the amount owed by the heirs to Granade for the services performed by him and accepted by them. See OCGA § 9-2-7; *Neal v. Stapleton*, 203 Ga. 236 (1) (46 SE2d 130) (1948); *Griner v. Foskey*, 158 Ga. App. 769 (2) (282 SE2d 150) (1981). It follows that the grant of summary judgment as to the issue of liability was proper, and that any allegations of misconduct by Granade in the course of the attorney-client relationship would be pertinent only in determining the reasonable value of his services.

2. The grant of the motion to dismiss the heir residing in Florida for lack of personal jurisdiction was made a final judgment by order of the superior court entered August 19, 1985 pursuant to OCGA § 9-11-54 (b). The court determined that there was no just reason for delay and expressly ordered that final judgment be entered as to this defendant. Granade's notice of cross-appeal from the order was filed on January 15, 1986. Since notice of appeal was not filed within 30 days after entry of judgment as required by OCGA § 5-6-38, the cross-appeal cannot invoke the jurisdiction of this court and therefore must be dismissed. See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978); *Chadwick v. Miller*, 165 Ga. App. 20 (299 SE2d 93) (1983).

*Judgment affirmed in Case No. 72625; appeal dismissed in Case No. 72820. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 2, 1986 —
REHEARING DENIED SEPTEMBER 16, 1986

*James H. Bratton, Jr., Frederick G. Boynton, Robert D. Strauss, Edward H. Wasmuth, Jr.*, for appellants.
*Glenville Haldi*, for appellee.