43928. BRYAN et al. v. GRANADE.
(357 SE2d 92)

SMITH, Justice.

Granade, the appellee, sought attorney fees in the DeKalb Supe-

rior Court from the Bryans, the appellants, alternatively on a contingency fee contract or in quantum meruit based upon his successful challenge to the will of the appellants' grandmother. The trial court granted Granade's motion for summary judgment as to liability, and the Court of Appeals affirmed. *Bryan v. Granade*, 180 Ga. App. 296 (348 SE2d 885) (1986). We granted certiorari in this case to determine whether an attorney's misconduct as administrator of an estate can result in the forfeiture of his attorney fees for services rendered to the beneficiaries of the estate in invalidating a will which would have deprived the beneficiaries of any interest in the estate. We affirm the Court of Appeals opinion.

Granade represented the Bryans on a contingent fee basis in a challenge to their grandmother's will. The will left her estate to her preacher. The challenge was successful, and the estate fell to the Bryans.

Following the conclusion of the lawsuit, the Bryans asked Granade to be administrator of the estate, and he accepted. For the purpose of considering Granade's motion for summary judgment, we may assume that Granade proceeded to convert various assets belonging to the estate to his own use, and to generally abuse his position as administrator. The Bryans, in fact, sought to have Granade removed as administrator.

Granade subsequently resigned as administrator. The DeKalb County Probate Court accepted Granade's resignation and entered a judgment against Granade in favor of the estate in the amount of the funds that he had converted. The probate court also disallowed Granade's claim for administrator's fees.

When Granade filed suit against the Bryans to recover his fee for the successful will challenge, the Bryans contended, among other things, that Granade forfeited his right to fees for the will challenge when he abused his fiduciary duties as administrator. The trial court, on Granade's motion for summary judgment, ruled that the Bryans were, as a matter of law, liable to Granade for attorney fees of some amount.

The Court of Appeals has previously held that where an attorney's services to a client are severable from each other, "misconduct of the attorney as to one phase will not result in the forfeiture of fees as to another phase of the service." *Odom v. Hilton*, 105 Ga. App. 286 (124 SE2d 415) (1962). In *Odom*, supra, a law firm recovered $7,000 for the plaintiff in one case, and the firm held the $7,000 in escrow. The firm subsequently charged the plaintiff over $2,000 for an alleged recovery in an unrelated suit, and the firm deducted the fee from the escrow account. The firm had not actually recovered anything for the plaintiff in the second suit, and the plaintiff sued the firm for forfeiture of the fees charged by the firm for the actual recovery in the first

suit.

The Court of Appeals granted the plaintiff a recovery of the fees deducted from the escrow account by the law firm for the second non-existent recovery. The court ruled, however, that since the law firm had not engaged in misconduct during the first suit, and the first and second suits were based upon distinct insurance contracts, misconduct relative to the second suit would not result in a forfeiture of fees earned in pursuit of the first claim.

In this case, the Byrans do not claim that Granade engaged in misconduct during litigation involving the grandmother's will. Granade's misconduct occurred during his administration of the estate. Though the subject matter of Granade's actions remained the same, we find his actions as an attorney pursuing litigation involving the will to be distinct and severable from his actions as administrator over the estate. Following *Odom*, we find that the Court of Appeals correctly ruled that the Byrans are liable for some amount of attorney fees to Granade for his services in successfully challenging their grandmother's will.

*Judgment affirmed. All the Justices concur, except Bell, J., who concurs in the judgment only, and Marshall, C. J., Weltner and Hunt, JJ., who dissent.*

HUNT, Justice, dissenting.

I respectfully dissent. Because Granade, as attorney for the heirs at law, was hired to secure and protect their interest in the estate he later pilfered, he cannot now argue that he is entitled to attorney fees for acquiring that interest.

Ethical considerations, not technical distinctions, should prevail. The argument that Granade is insulated from his violation of at least six professional standards,[1] because he changed hats from lawyer to administrator in concluding his involvement in this transaction, is one which only a lawyer would understand. *He* is the one who took the money. Whether he did it as lawyer or administrator is immaterial.[2] In this case, the functions are indistinguishable, and his forfeiture in one should bar his profiting from the other. Granade's claim to fees should have been summarily denied. In any event, a partial summary judgment in his favor was error.

---

[1] See Rules and Regulations of the State Bar, Standards 4, 23, 45, 63, 64, and 65, any one of which may subject a violator to disbarment.

[2] Granade concedes, on the record, that he continued to represent the heirs until he was ousted as administrator and that the contingency upon which his fee was based (presumably as attorney in the will litigation) was the receipt by the heirs of their grandmother's estate. Interestingly, he made no claim for fees at all until the heirs sought his removal as administrator. How then can this representation be said to be *as a matter of law* two separate and distinct matters?

I am authorized to state that Chief Justice Marshall and Justice Weltner join in this dissent.

DECIDED JUNE 25, 1987 —
RECONSIDERATION DENIED JULY 8, 1987.

*Smith, Gambrell & Russell, James H. Bratton, Jr., Frederick G. Boynton, Edward H. Wasmuth, Jr.,* for appellants.
*Glenville Haldi,* for appellee.