A89A1319. CLEARY v. BURLINGTON INDUSTRIES, INC.
(387 SE2d 36)

CARLEY, Chief Judge.

After filing suit against appellant-defendant, appellee-plaintiff discovered that its attorney would probably have to be called as a witness in its behalf. Appellee then secured the services of another attorney to serve as its counsel and the pre-trial order listed appellee's original attorney as one of appellee's witnesses. Appellant objected when appellee did call its original attorney as its first witness at trial, urging a lack of competency to serve as a witness on appellee's behalf. The trial court overruled appellant's objection and appellee's original attorney was allowed to testify. The jury returned a verdict in favor of appellee. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

In his sole enumeration, appellant urges that the trial court erred in overruling the objection to the competency of appellee's original attorney to testify on appellee's behalf. OCGA § 24-9-25 provides, in relevant part, as follows: "No attorney shall be competent . . . to testify for or against his client to any matter or thing, the knowledge of which he may have acquired from his client by virtue of his employment as attorney or by reason of the anticipated employment of him as attorney." However, this statutory provision is for the benefit of appellee and cannot be invoked by appellant. " 'The rule that communications between an attorney and his client are privileged, and that the attorney is an incompetent witness to testify thereto, can not

be invoked for the benefit of other persons who are strangers to such relationship.' [Cit.]" *Favors v. State*, 145 Ga. App. 864, 866 (3) (244 SE2d 902) (1978). There is no question but that the actions of appellee's original attorney comport with all relevant ethical standards. He did not seek to serve appellee in the dual capacity of trial counsel *and* witness. Compare *Southern Shipping Co. v. Oceans Intl. Corp.*, 174 Ga. App. 91 (329 SE2d 263) (1985). Appellee and its original counsel made the decision that the latter would forego serving the former as its trial counsel and would serve instead as a witness. The trial court did not err in overruling appellant's objection to the competency of appellee's original counsel to be sworn and to testify as a witness for appellee.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 29, 1989.

*William E. Glisson*, for appellant.
*James H. Phillips. F. Carlton King, Jr.*, for appellee.