S90A0873. WOMACK v. THE STATE.
(393 SE2d 232)

CLARKE, Chief Justice.

Appellant Womack was convicted of the malice murder and armed robbery of Mattie Boston, an elderly and practically bedridden woman who had several young men living in her house.[1] The victim kept money from social security checks of several members of the household in a sock about her person. There was testimony at trial that the victim put $800 to $1000 in cash from social security checks in the bed with her on the day before the assault which led to her death.

Tony Burke, who lived in the house, testified that on February 4, 1989, he saw appellant standing over the victim who had a green cloth over her head. He said that the appellant came out of her room and took off a T-shirt stained with blood and threw it into the bushes. There was testimony that the blood was consistent with that of the victim. Burke also testified that after removing money from it appellant threw the victim's sock under the house. He said he and appellant left the house in a cab at 2:00 p.m. Paramedics picked up the victim at approximately 2:13 p.m. and took her to the hospital where she died March 25, 1989. There was testimony that the appellant had shown Michael Taylor what appeared to be $1000 in cash on February 4. No green cloth or murder weapon was ever found.

Jesse Hughes testified for the defense that Burke told him that he (Burke) had been told by his brother Jeffrey to put the blood-stained T-shirt in the bushes and claim that appellant had done it and that Burke had thrown the sock under the victim's house. On cross-examination Hughes denied that he had asked the state to drop unrelated charges in exchange for information about his conversation with Burke. The state called Hughes' attorney in rebuttal to testify

---

[1] The crime was committed on February 4, 1989. The victim died March 25, 1989. Appellant was indicted August 15, 1989, and convicted following a jury trial October 18, 1989. He was sentenced to two consecutive life sentences for malice murder and armed robbery on October 18, 1989. The trial transcript was certified November 2, 1989, and the transcript of the new trial hearing was certified January 5, 1990. Appellant's amended motion for new trial was denied January 26, 1990. The appeal was docketed in this court April 4, 1990, and argued June 4, 1990.

that he had been instructed to ask the district attorney to drop the charges in exchange for information.

1. Appellant claims that he did not receive a fair trial because of ineffective assistance of counsel. The trial court conducted a hearing on the issue of ineffective assistance of counsel and found that appellant's counsel was effective. The court found that appellant's attorney was qualified to try a murder case, that he had adequate time to prepare for trial, and that the decisions complained of were tactical decisions which did not amount to ineffective assistance.

In regard to specific complaints of ineffectiveness, the trial court found that Womack was advised of his right to testify at trial and waived this right after conversations with his attorney. The trial court found that counsel made a correct tactical decision not to call Sonny Boston to testify. At the hearing on the motion for new trial appellant's trial counsel testified that Sonny Boston might have been the only eyewitness to the assault other than the perpetrator. However, he testified that he did not consider Sonny Boston a competent witness, that Sonny Boston was under a guardianship, and that neither he nor his investigator was able to communicate with him because of his mental problems. Concerning appellant's contention that his attorney allowed too many elderly people and one law enforcement officer to serve on the jury, the court found that appellant had been consulted during the jury selection and did not object to the presence of elderly people. According to the court, no law enforcement officer was selected as a juror. Finally, in regard to appellant's argument that his counsel was ineffective by failing to seek a jury view of the crime scene, the trial judge found that he would not have granted a jury view had one been requested.

The trial court refused to grant a new trial to appellant. This decision will not be disturbed absent an abuse of discretion. *Everett v. State*, 253 Ga. 359 (320 SE2d 535) (1984). We find no abuse of discretion here. Appellant failed to show the ineffectiveness and prejudice necessary to prevail under the test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

2. Appellant contends that the court erred in allowing the impeachment of Jesse Hughes through the testimony of his attorney. Appellant also insists that his counsel was ineffective in failing to rehabilitate Hughes or to challenge the state's calling Hughes' attorney to testify. The decision of appellant's counsel not to attempt to rehabilitate Hughes was a tactical decision. There was no objection from appellant to the state's calling the attorney. However, even if there had been an objection, appellant has no standing to challenge the testimony of Hughes' attorney as to communications between the attorney and his client. Appellant relies upon OCGA § 24-8-25, which provides that an attorney is neither competent nor compellable to testify

against his client as to knowledge acquired by virtue of the attorney-client relationship. However, we have held that the rules of this code section may not be invoked by strangers to the attorney-client relationship. *Neal v. Dover*, 217 Ga. 545 (123 SE2d 760) (1962); *Yarbrough v. Yarbrough*, 202 Ga. 391 (43 SE2d 329) (1947); *Cleary v. Burlington Indus.*, 193 Ga. App. 81 (387 SE2d 36) (1989); *Favors v. State*, 145 Ga. App. 864 (244 SE2d 902) (1978).

3. Appellant argues that the evidence does not support appellant's convictions for malice murder and armed robbery and that the evidence does not rule out every other reasonable hypothesis other than the guilt of appellant. Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found appellant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 1990.

*Sinnreich & Francisco, Elizabeth R. Francisco,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Sharon T. Ratley, Assistant District Attorneys, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.