## A91A2225. THOMPSON v. THE STATE.
(416 SE2d 755)

POPE, Judge.

Defendant John Thompson was tried and found guilty by a jury of aggravated sodomy, aggravated assault, false imprisonment and possession of a knife during the commission of a felony, and he appeals.

1. The offenses relate to defendant's abduction and assault of his former girl friend on February 22, 1990. The victim's testimony established each and every element of the four offenses. Thus, her testimony, alone, was sufficient to support a finding of guilt beyond a reasonable doubt. See OCGA § 24-4-8. Moreover, additional evidence and testimony were presented to corroborate her testimony. Defendant also testified and denied the charges, claiming the victim met him on the day in question, voluntarily stayed with him and consented to sexual intercourse. He also presented the testimony of three co-workers who testified they saw the victim with defendant at defendant's place of employment on the day in question and that she appeared to be exercising her free will. Each witness, however, said that the two appeared at work at a different time of day. Moreover, since each witness had seen the victim at defendant's place of employment on other occasions, the jury could have concluded that the witnesses were confused as to the day in question. In any event, "[o]n appeal the evidence must be viewed in the light most favorable to the verdict, and appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. [Cit.] The evidence was sufficient for a rational trier of fact to find [defendant] guilty beyond a reasonable doubt. . . ." *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990).

2. Defendant also urges that the trial court erred in denying his motion for new trial on the ground of ineffective assistance of counsel. Defendant identifies several acts or omissions of trial counsel which, he argues, when considered together show he received ineffective assistance of counsel. For example, defendant points out that his trial counsel never filed pretrial motions to obtain evidence from the prosecutor. At the hearing on defendant's motion for new trial, however, his trial counsel testified he informally obtained the cooperation of the prosecutor and was permitted to review and copy the prosecutor's entire file on the case. Thus, the failure to file pretrial motions was harmless. Defendant argues his trial counsel improperly failed to object to the State's evidence that defendant had behaved violently toward the victim on previous occasions. "[E]vidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim. [Cits.]"

*Hales v. State*, 250 Ga. 112, 113 (2) (296 SE2d 577) (1982). Accord *Hamilton v. State*, 260 Ga. 3 (2b) (389 SE2d 225) (1990). Thus, failure to object to this evidence was harmless. Defendant argues his trial counsel improperly failed to introduce a copy of the crime lab report because, defendant argues, the report showing no seminal fluid was discovered on swabs or on laboratory slides obtained pursuant to a physical examination of the victim is exculpatory of the charge of sodomy. In fact, the report does not indicate whether any of the samples were taken from the victim's anus. It does indicate that samples were taken from the victim's vagina, and thus the report contradicts the defendant's testimony that he and the victim engaged in consensual sexual intercourse. Trial counsel's failure to introduce the report was thus not harmful but helpful to defendant. Trial counsel's decision not to call as witnesses defendant's ex-wife and current girl friend to impeach the victim's testimony that defendant was a batterer of women was supportable and not harmful because such testimony would have raised the issue of defendant's character and permitted the State to introduce evidence of defendant's previous felony conviction for forgery. We have examined all other allegations of insufficiency of counsel raised by defendant in light of trial counsel's testimony at the hearing and conclude the trial court did not err in denying defendant's motion for new trial. See, e.g., *Bowley v. State*, 261 Ga. 278 (4) (404 SE2d 97) (1991).

3. The trial court overruled defendant's objection and permitted the State to present the testimony of a previously undisclosed expert witness for the "limited purpose" of describing the battered woman syndrome as a theory to explain the victim's behavior. Defendant argues the trial court erred in permitting the witness to testify concerning matters which exceeded this limited scope because she made reference in her testimony to certain acts committed by the defendant. First, we note that defendant's trial counsel raised no objection to the witness' testimony. Even considering defendant's argument that his trial counsel was ineffective, we conclude the scope of the witness' testimony was not improper. The witness' few references to specific behavior or acts of the defendant were necessary and reasonable to explain the witness' conclusion that the victim in this case was a battered woman and that her behavior was as expected from one suffering from battered woman syndrome.

4. Finally, defendant argues the trial court committed reversible error in failing to charge the jury on simple battery, as set forth in OCGA § 16-5-23.1, as a lesser included offense of the charge of sodomy. Defendant denied he committed sodomy upon the victim but testified he engaged in consensual sexual activity with her, including the insertion of his finger into her anus. Even if this testimony were believed it would not support a charge on simple battery because de-

fendant denied he intentionally injured the victim. Neither would it support a charge on sexual battery, pursuant to OCGA § 16-6-22.1, because defendant testified that the victim consented to this act. Because the evidence did not support a charge on a lesser offense, the trial court did not err in failing to give one. See *Hill v. State*, 259 Ga. 557 (6) (385 SE2d 404) (1989). Moreover, failure to give such a charge was not error because no request was made. See *Grice v. State*, 199 Ga. App. 829 (6) (406 SE2d 262) (1991).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 17, 1992 —
RECONSIDERATION DENIED MARCH 12, 1992 —

*J. Phillip Hancock*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Nelly F. Withers, Assistant District Attorneys*, for appellee.