## A92A0789. THOMAS v. THE STATE.
(422 SE2d 54)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of armed robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. When viewed in the light most favorable to the verdict, the evidence shows the following: Appellant was identified as the man who held a gun to the victim's head and ordered an accomplice to search the victim's pockets. The accomplice, who was known to the victim, took $170, and the pair fled. A rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thompson v. State*, 187 Ga. App. 552, 553 (1) (370 SE2d 814) (1988). Accordingly, appellant's enumeration of the general grounds is without merit.

2. Having been tried separately and convicted, appellant's accomplice was called as a State's witness. Despite his previous conviction and the grant of immunity, the accomplice persisted in invoking the Fifth Amendment. Over appellant's objection, the State was allowed to ask leading questions concerning the testimony given by the accomplice at his trial, which testimony was inculpatory of appellant. After the accomplice refused to answer the State's leading questions, he was subjected to a thorough and sifting cross-examination by appellant's counsel. On cross-examination, the accomplice was more forthcoming, clearly intimating that his prior inculpation of appellant had been at the behest of the investigating officers and that someone other than appellant had committed the crime.

Relying upon *Lingerfelt v. State*, 235 Ga. 139 (218 SE2d 752) (1975), appellant urges that the trial court erred in allowing the State to ask the leading questions on direct examination of the accomplice. However, *Lingerfelt* is distinguishable and *Cates v. State*, 245 Ga. 30, 32 (1) (262 SE2d 796) (1980) controls this issue adversely to appellant's contentions. See also *Hawkins v. State*, 175 Ga. App. 606, 609 (2) (333 SE2d 870) (1985). Unlike *Lingerfelt*, appellant was certainly not denied the right to confront the accomplice. As in *Cates*, it was the direct testimony of the accomplice that was discredited.

3. After the accomplice gave his exculpatory testimony, the State proffered his custodial statement, which was inculpatory of appellant. There was no error in the admission of the accomplice's statement. See *Burrell v. State*, 258 Ga. 841, 843 (5) (376 SE2d 184) (1989).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Lillian L. Neal*, for appellant.
*Robert E. Keller*, District Attorney, *Todd E. Naugle*, Assistant

*District Attorney,* for appellee.