## A93A1490. ROBINSON v. THE STATE.
(435 SE2d 718)

BIRDSONG, Presiding Judge.

Kory Robinson, a/k/a Keyland Robertson, was tried before a jury and found guilty of armed robbery. He appeals from the judgment of conviction entered on the jury's verdict of guilt. *Held*:

1. The attention of appellate counsel is drawn to Court of Appeals Rule 11 (e), limiting to 50 pages the length of a brief in criminal appeals, except upon written application directed to the clerk and authorized by the court.

2. Appellant's first two enumerations of error fail to specify any error alleged to have been committed by the trial court. See OCGA § 5-6-51 (4). It is, however, evident that he complains of the order of the trial court overruling his motion for new trial on the ground of ineffective assistance of trial counsel. Where it is apparent from the notice of appeal, the record, the enumerations of error, or any combination of the foregoing, what errors are sought to be asserted upon appeal, the appeal shall be considered notwithstanding that the enumerations of error fail to enumerate clearly the errors sought to be reviewed. *Contractors Mgt. Corp. v. McDowell-Kelley*, 136 Ga. App. 116, 117 (1) (220 SE2d 473). The attention of appellate counsel is further drawn to Court of Appeals Rule 15 (a) (3), providing that the portion of the brief containing the argument and citation of authorities "shall include a concise statement of the applicable standard of review for each issue presented in the brief."

3. At the motion for new trial, appellant argued that trial counsel failed to investigate the case, failed to prepare and present pretrial motions, failed to insist on pretrial evidentiary rulings, failed to interview and prepare witnesses, failed to interpose appropriate objections, and failed to present adequately researched requests to charge.

" ' "When inadequate representation is alleged, the critical factual inquiry ordinarily relates to . . . whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; [and] whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." (Cit.)' [Cit.] Generally, 'the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below "an objective standard of reasonableness" *and* (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Cit.)' . . . [Cit.] The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. [Cit.]" *Jackson v. State*, 209 Ga. App. 53 (7) (432 SE2d 649) (1993).

As to each of these claims, "[w]e have reviewed the transcript of that hearing (at which trial counsel testified) [as well as the trial transcript] and find sufficient evidence to support the trial court's conclusion that [appellant] failed to show ineffectiveness under the standards of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). [Cit.]" *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107) (1993). The extent of pretrial investigation of the case and counsel's consultation with the accused was subject to conflicting evidence, such that the trial court's determination as to these alleged omissions

is not clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641). Compare *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891). The failure to file pretrial motions demanding access to evidence is clearly harmless where the defense has obtained the informal cooperation of the prosecutor to review the State's file. *Thompson v. State*, 203 Ga. App. 339 (2) (416 SE2d 755). The extent of cross-examination and decisions as to which witnesses to employ, whether to interpose certain objections, and which requests to charge to submit, are all within the realm of trial tactics and strategy, and usually provide no basis per se for a reversal of appellant's conviction. *Bridges v. State*, 205 Ga. App. 664, 665 (2) (423 SE2d 293); *Penaranda v. State*, 203 Ga. App. 740, 742 (4) (417 SE2d 683). As to counsel's failure to raise a "chain of custody" objection to the State's introduction in evidence of the jacket identified by the victim as the one taken from him at gunpoint, we find no basis to conclude that trial counsel's performance was inadequate. "Unlike more fungible articles, [this exhibit] could be identified upon mere observation; therefore, it was not necessary to trace [its] custody by requiring each custodian . . . to testify. [Cits.]" *Lord v. State*, 134 Ga. App. 683, 684-685 (2) (215 SE2d 493). The fact that appellant and his present counsel now claim they would have conducted the trial differently does not establish ineffectiveness of trial counsel. *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72). As to the failure to request complete recordation of the proceedings, appellant has failed to show that, but for this omission, the result at trial would have been different. See *Womack v. State*, 260 Ga. 305, 306 (1) (393 SE2d 232). Alleged acts of professional misconduct in unrelated matters and cases fail to establish inadequacy or prejudice to this appellant arising out of this criminal prosecution. See *Bryan v. Granade*, 257 Ga. 219 (357 SE2d 92).

4. As a separate basis for establishing trial counsel's ineffectiveness, appellant urged that trial counsel suborned perjury in violation of Disciplinary Standards 4 and 45, Rule 4-102 (d) of the State Bar of Georgia. It is alleged that counsel instructed appellant's mother to swear falsely regarding a birth certificate indicating that her child was born under the name Keyland Denard Robertson, to avoid introduction of prior convictions obtained against appellant under that name.

At the hearing on appellant's motion for new trial, trial counsel denied suborning perjured testimony. Appellant's mother admitted to swearing falsely at trial. Accordingly, the trial court, as the finder of fact on such a motion, was authorized to disregard her testimony entirely. OCGA § 24-9-85 (b). Moreover, contrary to appellant's assertion, the truth of an allegation that counsel violated ethical considerations, directory rules, and disciplinary standards would not automatically relieve appellant of the burden to show harm resulting from the alleged misconduct. See *O'Melia v. State*, 255 Ga. 476, 479

(4) (339 SE2d 586); *Hudson v. State*, 250 Ga. 479, 482 (1) (299 SE2d 531). See also *Davis v. Findley*, 262 Ga. 612 (422 SE2d 859). "Under the *Strickland* standard, breach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel." *Nix v. Whiteside*, 475 U. S. 157, 165 (IIB) (106 SC 988, 89 LE2d 123). Compare *Tarwater v. State*, 259 Ga. 516, 518 (383 SE2d 883). The trial court did not err in this instance by overruling appellant's motion for new trial on the basis of alleged ineffective assistance of counsel.

5. The victim identified appellant as the man who robbed him of jewelry and clothing at gunpoint. This is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), to authorize a rational trier of fact reasonably to find proof of appellant's guilt of armed robbery beyond a reasonable doubt. *Jones v. State*, 205 Ga. App. 711, 714 (5) (423 SE2d 393); *Thomas v. State*, 205 Ga. App. 329, 330 (1) (422 SE2d 54). Although appellant adduced evidence of alibi at his motion for new trial, this merely corroborated the original testimony of appellant's mother that he had purchased in her presence a jacket similar to the one stolen from the victim. Notably, the efforts of appellate counsel still failed to adduce a receipt for the jacket allegedly purchased. This additional evidence fails to generate a reasonable doubt as to appellant's guilt that was not otherwise presented to the jury at trial. Accordingly, appellant has failed to establish a necessary element of his challenge under the standard of *Strickland v. Washington*, supra. *Stamey v. State*, 194 Ga. App. 305, 306-307 (1c) (390 SE2d 409). It follows that appellant's contention that trial counsel's failure to move for a directed verdict deprived him of reasonably effective assistance of counsel also is without merit. *Galloway v. State*, 165 Ga. App. 536, 537 (3) (301 SE2d 894).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 1, 1993 —
RECONSIDERATION DENIED SEPTEMBER 16, 1993

*Mary Erickson, Michael Mears*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, John M. Turner, Jr., Assistant District Attorneys*, for appellee.