## A94A1912. JOHNSON v. THE STATE.
### (456 SE2d 251)

McMURRAY, Presiding Judge.

Defendant was charged with rape, two counts of child molestation, and cruelty to children, for acts committed against the minor daughter of defendant's girl friend. The jury found him guilty on all four counts. Following the denial of his motion for new trial, defendant appeals from the judgment of conviction and sentence entered on the jury's verdicts. *Held*:

1. In his first enumeration of error, defendant contends the "testimony of an expert witness not on the state's witness list denied defendant effective assistance of counsel and a fair trial, though the defendant had not filed a demand pursuant to OCGA § 17-7-110." Specifically, he argues that trial counsel rendered ineffective assistance in "failing to file a discovery motion and demand for a list of witnesses, effectively defeating a claim under *Allison v. State*, 256 Ga. 851 [(353 SE2d 805)] (1987) when the state produced a previously unlisted psychologist-witness whom counsel was unprepared to cross-examine, thus failing to elicit exculpatory statements and video the psychologist made of the alleged child-victim."

The record demonstrates that appointed trial counsel had informal access to the State's file and was given a copy of the indictment with a list of witnesses, "before [he] filed [his prepared] Brady motion." Paul W. Schenk, a doctor of clinical psychology, was not on that list as originally furnished. On June 11, 1992, Dr. Schenk interviewed the victim in a two-hour session, and this session was preserved on videotape. The existence of this tape was not known to the defense. However, the existence of this psychologist was not unknown to the defense. The victim's mother, a defense witness who was married to defendant at the time of trial, also "saw the psychologist June 10th and 11th. . . ." Trial counsel testified at the hearing on the motion for new trial that he was "a lot more concerned about . . . whether or not the medical doctor would hurt us or not than the psychologist."

The State's attorney had subpoenaed Dr. Schenk some 15 days before trial. However, the State's attorney could not anticipate using Dr. Schenk's testimony without a release of the psychologist-patient privilege from the proper custodian of the victim. As of June 11, 1992, the proper custodian of the victim was the Cobb County Department of Family & Children Services, whereas after that date, custody of the victim was returned to the mother. On the first day of the three-day trial, Dr. Schenk testified briefly that he would generally videotape interviews of children, "particularly in the cases of sexual abuse allegations. . . ." However, he did not answer the precise question whether he had made a videotape of the extended June 11, 1992, in-

terview, because the proceedings turned to the question of privilege. The State did not seek to introduce this videotape. Defendant's trial counsel did not seek a continuance to interview Dr. Schenk nor did he object to Dr. Schenk's testimony on the ground that his name was not on the witness list. At the hearing on the motion for new trial, the State's attorney stated in her place that she knew nothing of the contents of this videotape "until [Dr. Schenk] gave it to me that morning before it came in this courtroom." Trial counsel confirmed that on the morning of trial, the State's attorney "told me that she may use Dr. Schenk. . . . And she even gave me a phone number. . . ."

Defendant's enumeration "fail[s] to specify any error alleged to have been committed by the trial court. See OCGA § 5-6-51 (4). It is, however, evident that he complains of the order of the trial court overruling his motion for new trial on the ground of ineffective assistance of trial counsel." *Robinson v. State*, 210 Ga. App. 278, 279 (2) (435 SE2d 718). The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641). "As to [this claim], we have reviewed the transcript of [the motion for new trial] hearing at which trial counsel testified as well as the trial transcript and find sufficient evidence to support the trial court's conclusion that [defendant] failed to show ineffectiveness under the standards of *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). . . . *Scott v. State*, 263 Ga. 300 (2) (432 SE2d 107) (1993)." (Punctuation omitted.) *Robinson v. State*, 210 Ga. App. 278, 279 (3), supra. See also *Ingram v. State*, 211 Ga. App. 252, 254 (3) (438 SE2d 708). Specifically, the failure of trial counsel "to file pretrial motions demanding access to evidence is clearly harmless where[, as in the case sub judice,] the defense has obtained the informal cooperation of the prosecutor to review the State's file. [Cit.]" *Robinson v. State*, 210 Ga. App. 278, 279 (3), 280, supra. Although appellate counsel argues that Dr. Schenk's videotape of the June 11, 1992, interview was exculpatory matter which the State should have produced and that it was "prosecutorial misconduct" for the State's attorney to "sand[bag]" trial counsel, we find defendant's reliance upon *Allison v. State*, 256 Ga. 851, 853 (8), supra, to be misplaced. With respect to the live testimony of Dr. Schenk, the State was not aware of his availability until the morning of the first day of trial, when the trial court ruled that the psychologist-patient privilege could and would be waived, but only to that extent that the Cobb County Department of Family & Children Services was the proper custodian of the victim-patient. Under this ruling, Dr. Schenk's testimony "clearly would have fit within the parameters of the newly discovered evidence exception set forth in OCGA § 17-7-110 [when] the [S]tate called him as part of its

case-in-chief." *Thomas v. State*, 262 Ga. 754, 755 (2a) (425 SE2d 872). As to the videotape, this was not evidence in the State's file or in the possession of an investigator for the police or the District Attorney's office. Hence, there was no ability, and consequently no obligation, for the State to produce it as allegedly exculpatory material. Accordingly, defendant's contention that the failure of the State to turn over privileged material in the hands of an independent psychologist amounted to prosecutorial misconduct is without merit. Moreover, we have reviewed the videotape of the June 11, 1992, interview of the victim by Dr. Schenk. Although she makes reference to other unindicted acts amounting to child molestation, her statements therein are entirely consistent with her direct testimony at trial that defendant committed rape, child molestation, and an act of cruelty to children, as alleged in the indictment. Such slight variances as may arguably have been impeaching nevertheless were not material in the constitutional sense. There is nothing in this videotape that presents a reasonable probability that, had the tape been disclosed to the defense, the result of the proceeding would have been different. See *Belins v. State*, 210 Ga. App. 259 (2), 261 (435 SE2d 675). See also *Brown v. State*, 214 Ga. App. 838 (2b), 839 (449 SE2d 538). This enumeration is without merit.

2. Next, defendant contends he "was entitled to a not guilty verdict on the rape charge because the state failed to prove 'force.' " Defendant correctly argues that the age of the nine-year-old victim does not itself establish the element of force required under OCGA § 16-6-1 (a). See generally *Drake v. State*, 239 Ga. 232 (1) (236 SE2d 748). However, the victim also testified that defendant threatened her " 'Don't tell anybody . . . [or she] would get a spanking if [she] did.' " In the case sub judice, this "showing of force through intimidation of a nine-year-old victim was adequate to overcome [defendant's] motion for directed verdict. '. . . (L)ack of resistance, induced by fear, . . . is force.' *Curtis v. State*, 236 Ga. 362, 363 (223 SE2d 721) (1976)." *Drake v. State*, 239 Ga. 232, 235 (2), supra. See also *Cooper v. State*, 256 Ga. 631 (1) (352 SE2d 382).

3. Defendant's third enumeration contends there was a fatal variance between the allegations of the indictment and the proof adduced at trial, in that the dates were material allegations "but the sole evidence was that the crimes occurred outside these dates[; . . . and that by] listing such dates, the state should have notified defendant pursuant to Uniform Superior Court Rule 31.3 of its intent to present similar transaction evidence allegedly occurring outside the dates." This compound enumeration is controlled adversely to defendant's contentions by *Bowman v. State*, 184 Ga. App. 197 (2) (361 SE2d 58). Compare *Story v. State*, 196 Ga. App. 590, 591 (396 SE2d 547), where "the indictment alleged that [defendant] had molested the victim in a spe-

cific manner, whereas the subsequent similar offense involved an act of alleged molestation committed against the victim in a totally *different* manner." (Emphasis in original.)

4. In his fourth enumeration, defendant contends the trial court, "without request should have given a complete jury charge on circumstantial evidence, considering the hearsay testimony of the case workers and the questionable testimony of the child." We disagree. "[T]he testimony of the victim as to the act[s] done is direct evidence. . . ." *Mims v. State*, 209 Ga. App. 901, 907 (434 SE2d 832) (Smith, J., dissenting), rev'd *Mims v. State*, 264 Ga. 271 (443 SE2d 845). In the absence of a proper and timely written request to charge the law of circumstantial evidence (and not the discredited "two theories" language), the trial court did not err in failing to give, sua sponte, such an instruction. *Shutt v. State*, 215 Ga. App. 617 (1) (451 SE2d 530). The rule is otherwise only when the State's entire case depends solely on circumstantial evidence. See *Yarn v. State*, 215 Ga. App. 883, 884 (2), 885 (452 SE2d 537).

5. Defendant's fifth and sixth enumerations of error are not supported by citation of authority or argument in his brief and are deemed abandoned in accordance with Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 8, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995 — 

*Eric N. Welch, James E. Albertelli*, for appellant.

*Thomas J. Charron, District Attorney, Rose L. Wing, Debra H. Bernes, Nancy I. Jordan, R. Barry Laux, Assistant District Attorneys*, for appellee.