# Court of Appeals of the State of Georgia

ATLANTA,  September 16, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0288. JOHN THOMPSON v. THE STATE.

John Thompson was convicted of aggravated sodomy and related offenses in 1991. His conviction was affirmed on direct appeal in *Thompson v. State*, 203 Ga. App. 339, 341 (416 SE2d 755) (1992).

In 2024, Thompson filed an extraordinary motion for new trial, which the trial court denied on June 24, 2024. Thompson filed a notice of appeal on August 21, 2024. We lack jurisdiction for two reasons.

First, Thompson's appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Ebeling v. State*, 355 Ga. App. 469, 469 (844 SE2d 518) (2020). Thompson's notice of appeal was filed 58 days after entry of the trial court's order and is thus untimely.

Second, an appeal from an order denying an extraordinary motion for new trial must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (7), (b); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Thompson's failure to follow

the discretionary review procedure thus deprives us of jurisdiction over this direct appeal. See *Bradberry v. State*, 315 Ga. App. 434, 437 (727 SE2d 208) (2012).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 09/16/2024

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*